**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**ONE 1969 PLYMOUTH FURY AUTOMOBILE, SERIAL NO. PM43G9D199088,
Defendant.**

**Ford Motor Credit Company,
Intervenor-Appellant.**

No. 72–2844.

United States Court of Appeals,
Fifth Circuit.

April 19, 1973.

Michael Lowenberg, Molly Bartholow, Dallas, Tex., for intervenor-appellant.

Frank D. McCown, U. S. Atty., Roger J. Allen, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

Ford Motor Credit Company (FMCC) appeals from a summary judgment forfeiting title and possession of a 1969 Plymouth Fury automobile to the United States. The record owner was charged and convicted of using the automobile for the unlawful transportation of counterfeit federal reserve notes. 49 U.S.C. §§ 781, 782. The owner had paid $100 down; FMCC's security interest exceeded the value of the car. We affirm.

FMCC contends that: (1) the forfeiture provisions found in 49 U.S.C. §§ 781, 782 were unconstitutionally applied; (2) the forfeiture statutes found in 49 U.S.C. §§ 781, 782 are unconstitutional on their face because they authorize deprivation of property without due process of law and the taking of property from a totally innocent party without just

compensation; and (3) 49 U.S.C. § 782 is so discriminatory that it violates due process of law.

These are serious contentions well-briefed and well-argued by counsel for FMCC. There is, of course, a distinction between a title-holder and the holder of a security-interest; a company financing the purchase of automobiles knows that it runs the risk of having its interest forfeited, if the car is used to transport contraband. On the other hand, it is incongruous that an innocent lienor whose equitable interest may far exceed the owner's interest is in a worse position than an innocent record owner. It may even be said that the forfeiture is an anachronistic relic of deodand.

If this were a case of first impression, we would examine closely and weigh carefully the competing values in the opposing arguments. But we are bound by decisions of this Court too numerous to cite upholding such forfeitures. FMCC argues, however, that in United States v. United States Coin and Currency, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, the Supreme Court took a new look at forfeitures and interpreted the statute as applicable only when the owner has "significantly participated in the criminal enterprise". The Court said:

> "The Government contends that the guilt of the owner of the money is irrelevant. . . . If we were writing on a clean slate, this claim that § 7302 operates to deprive totally innocent people of their property would hardly be compelling. Although it is true that the statute does not specifically state that the property shall be seized only if its owner significantly participated in the criminal enterprise, we would not readily infer that Congress intended a different meaning."

In that case an owner, not a lienor, was involved, a difference that arguably is a significant distinction. In United States v. One 1970 Buick Riviera, 5 Cir. 1972, 463 F.2d 1168, the contentions were similar to those raised here. This Court rejected the due process and just compensation arguments and, importantly, concluded that United States v. United States Coin and Currency was inapplicable.

We note also that 19 U.S.C. § 1618 allows remission or mitigation of the penalty at the discretion of the Secretary of the Treasury:

> "[T]he Secretary of the Treasury, if he finds that such fine, penalty or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, . . ."

Here FMCC took advantage of this provision but was unsuccessful in convincing the Secretary of the Treasury that he should remit or mitigate the forfeiture of the Plymouth Fury to the extent of its lien interest in the automobile.

The judgment must be affirmed.