**UNITED STATES of America,
Petitioner,**

v.

**FOURTEEN (14) HANDGUNS and One (1) 1980 Jeep CJ–7, VIN: JOM93ACO14139, Respondents,**

**Uwe Bennekemper, Party in Interest.**

**Civ. A. No. H–81–147.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 24, 1981.

---

Mary A. Daffin, Asst. U. S. Atty., Houston, Tex., for petitioner.

Warren L. Eddington, Angelika C. Lange, Houston, Tex., for respondents.

## MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

This is an action for judgment of forfeiture for property seized on land and subject to forfeiture pursuant to the provisions of 22 U.S.C. § 401 and 18 U.S.C. §§ 922(e) and 924(d). The Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355 in accordance with 26 U.S.C. § 7401. Pending before the Court is Petitioner's motion to strike and for summary judgment.

The Complaint alleges that on or about August 6, 1980, an agent of the United States Customs Service seized the jeep and handguns which are the subject of this action. The seizure came about as a result of information developed by the Bureau of Alcohol, Tobacco, and Firearms and the Customs Service to the effect that one Uwe Bennekemper, a citizen of Germany, was engaged in an attempt to export the respondent handguns, in violation of applicable law, by secreting the handguns in the spare tire of the respondent jeep.

The Complaint was filed on January 20, 1981. Uwe Bennekemper Answered and filed a Petition for Return of Seized Property on March 27, 1981. The only defense to the present action offered by Mr. Bennekemper is his assertion that he did not intend to violate the laws of the United States and he did not know that he was violating those laws.

The Petitioner's motion is based on its assertion that Uwe Bennekemper has not complied with the appropriate procedure for asserting his claim, that his defense is invalid as a matter of law, and that the Court does not have jurisdiction to consider the merits of the Petition for Return of Seized Property.

### I.

Once the Government has shown that probable cause existed, the burden of

proof in a forfeiture case "shifts" to the property claimant. *United States v. One 1971 Chevrolet Corvette*, 496 F.2d 210, 212 (5th Cir. 1974). The showing required of the Government is "less than a prima facie proof but more than mere suspicion." *United States v. One 1971 Chevrolet, supra.* In this case the seizure was based on a search instituted pursuant to a warrant issued by United States Magistrate Calvin Botley, who in turn relied on an investigation by an agent of the Bureau of Alcohol, Tobacco, and Firearms. The Government had probable cause beyond a "mere suspicion," which justified the search for and subsequent seizure of the respondents.

## II.

Proceedings in forfeiture cases involving property seized on land may be enforced by a libel action conforming as nearly as possible to a proceeding in admiralty. 28 U.S.C. § 2461(b). Such proceedings are governed by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims.

█ Rule C(6) of the Supplemental Rules provides that "the claimant of property that is the subject of an action *in rem* shall file his claim within 10 days after process has been executed, or within such additional time as may be allowed by the Court, and he shall serve his answer within 20 days after the filing of the claim." The filing of a claim is a prerequisite to the right to file an answer and defend on the merits. The claim must consist of a verified statement which states the interest of the claimant giving rise to the demand for the return of the property. *United States of America v. $52,686.00 In United States Currency*, No. H–79–1705 (S.D. Tex. May 4, 1981); *U. S. v. One 1975 Ford Ranger*, No. 77–1781 (5th Cir. 1977) (*per curiam*, unpublished). If the claim is made by one other than the possessor of the claimed interest, it should specify the basis of the authority upon which the claimant is acting and state that the claimant is duly authorized to make the claim. 7A Moore's *Federal Practice* § C.16 at 700.-16. In the instant case, service of process was issued January 21, 1981, and returned on February 5, 1981. Monition was published in the Daily Court Review on February 12, 1981. The Answer was filed on March 27, 1981 without the prior submission of a claim as required by Rule C(6) of the Supplementary Rules. Mr. Bennekemper was informed of the necessity of filing a claim and an answer in a letter from the Assistant U.S. Attorney dated February 13, 1981. That letter also extended the time within which Mr. Bennekemper could respond to March 27, 1981. Under the circumstances he was given an extra measure of time in which to assert his claim. Since it was filed by his attorneys, Mr. Bennekemper's Petition for Return of Property may not properly be considered a claim as contemplated by Rule C(6): it did not precede the answer and does not contain a verified statement of his interest which indicates the basis of the claimant's authority. Accordingly, the petitioner's motion to strike claimant's Answer is GRANTED.

## III.

█ The Petition for Return of Property is directed to the wrong authority: "Congress has provided a means for ameliorating the harshness of these [forfeiture] statutes—the Attorney General may return the property if he finds such mitigating circumstances as to justify the remission of the forfeiture." *United States of America v. One Clipper Bow Ketch Nisku*, 548 F.2d 8, 12 (1st Cir. 1977) [narcotics case]. Title 19 United States Code, § 1618 provides an exclusive remedy under the aegis of the executive branch for those claimants seeking remittance or mitigation of fines, penalties, and forfeitures. *United States v. One 1969 Ford Plymouth Fury*, 476 F.2d 960 (5th Cir. 1973) [automobile in counterfeit case]. *See, United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

Accordingly, Petitioner's motion to strike claimant's Petition for Return of Property is GRANTED.

## IV.

█ When confronted with a motion for summary judgment it is not part of the Court's duty to decide factual issues. The

Court need only determine whether there are issues to be tried. *Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir. 1950). The grant of a motion for summary judgment is particularly appropriate where trial on the merits would reveal no additional data and where "the facts and inferences point so overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at but one verdict." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978). This is such a case since absence of intent or knowledge does not bar the instant forfeiture. Petitioner's motion for summary judgment is GRANTED. It is therefore

ORDERED, ADJUDGED and DECREED by the Court that the property described as follows: Fourteen (14) Handguns and One (1) 1980 Jeep CJ-2, VIN: JOM93ACO14139, under seizure in this cause be and the same is hereby forfeited to the United States. It is further

ORDERED that the United States Marshal for the Southern District of Texas deliver the 1980 Jeep CJ-7, VIN: JOM93ACO14139, to the Regional Commissioner of Customs, U.S. Customs, Houston, Texas, pursuant to the Application for Delivery of Seized Property on file herein for official use or disposal in accordance with law. It is further

ORDERED that the Application of the Department of Interior for delivery to U.S. Fish and Wildlife Service—ADC, P. O. Box 1306, Albuquerque, New Mexico 87103, of the seized handgun described as One S & W .22 Caliber Revolver, 18–14, Serial No. 82K6773 is GRANTED. It is further

ORDERED that the Application of the Department of Treasury for delivery to the Property Officer, Internal Revenue Service, Criminal Investigation Division, 1111 Constitution Avenue, N.W., Room 2127, Washington, D.C. 20224, of the seized handguns described as: One S & W .357 Revolver, Serial No. 1D99353 and One Colt, 38 Det. Special, 1–½″ Revolver, Serial No. S31008 is GRANTED, it is further

ORDERED that the above-described three handguns be delivered to the respective agencies by the U. S. Marshal for the Southern District of Texas, but a 12-month detainer, from the date of this Order, is placed on the delivery of these handguns pending disposition of the criminal investigation and prosecution in this matter. It is further

ORDERED that the remaining Eleven (11) handguns described as:

| 1. | Sterling | .22 | Automatic – E27229 |
|----|----------|------|--------------------|
| 2. | Butler | .22 | Derringer – B73827 |
| 3. | Chalter | .38 | 1½″ Revolver – 587411 |
| 4. | Taurus | .38 | 4″ Revolver – 1372016 |
| 5. | Ruger | .357 | 4″ Revolver – 156–37437 |
| 6. | Arminius | .38 | 2″ Revolver – 538047 |
| 7. | Chalter | .38 | 1½″ Revolver – 558041 |
| 8. | Taurus | .38 | 4″ Revolver – 1385391 |
| 9. | Taurus | .38 | 4″ Revolver – 1402714 |
| 10. | Rossi | .38 | 4″ Revolver – D476238 |
| 11. | Rossi | .38 | 4″ Revolver – D478542 |

be delivered to U. S. Customs, Houston, Texas to be disposed of in accordance with law. It is further

ORDERED that upon accepting delivery of said property, U. S. Customs, Houston, Texas shall pay to the U. S. Marshal for the Southern District of Texas, all costs incident to seizure, forfeiture and storage incurred in the above-styled cause pursuant to 40 U.S.C. § 304j.