UNITED STATES of America, Plaintiff,

v.

PROPERTIES DESCRIBED IN COMPLAINTS: 764 ROCHELLE DRIVE, 1546 Alda Lane, 148 Atlanta Avenue, 1952 Willa Way, 2929 Landrum Drive, S.W., 4370 Valley Brook Drive, 1542 Pineview Terrace, S.W., 2244 Brannon Road, 2306 N. Eiffel Court, 2264 Collier Drive, 3299 Rabun Drive, 2424 Dawn Drive, 3357 Columbia Trace, 1194 Greenleaf Road, 1382 Oak Street, 948 Byron Drive, 3171 Topaz Lane, 2240 Squire Court, 2820 Valley Ridge Drive, 5864 Deerfield Trail, 2225 Swallow Circle, Business and Properties of Midtown, et al., 1061, 1097, 1081, 1088, 1073, 1089 Neal Place, 2971 Landrum Drive, One 1979 Cadillac Eldorado, One 1983 Mazda, One 1979 Mercedes Benz, Defendants.

Civ. A. Nos. C84–448A, C84–449A to C84–462A, C84–464A to C84–469A, C84–528A, C85–529A, C84–1226A and C84–1047A to C84–1049A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 9, 1984.

Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

## ORDER

ROBERT H. HALL, District Judge.

The above-styled actions are forfeiture proceedings brought by the United States pursuant to 21 U.S.C. § 881(a)(6) alleging that the defendant properties constitute proceeds traceable to an exchange for a controlled substance. On October 1, 1984, following a hearing held September 28, 1984, this court entered an Order granting the government's motion to strike the answers filed in these actions by claimants Rowland Lamar Allen, Mid-Town Contractors, Inc., Property Pick-Up, Inc., Brenda Allen Rabun, Brass Key Apartments, Beulah Ann Powell, Beulah Williams, Harry Williams, and Joyce Allen. The court found that the above-named claimants had failed to establish their right to defend these actions by the timely filing of verified claims as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. In the same Order, the court denied the motion filed by claimants Rowland Lamar Allen, Mid-Town Contractors, Inc., and Property Pick-Up, Inc., to amend their claims and answers, describing the motion to amend as "an attempt by the three movants to file a claim four months beyond the requisite filing period without offering adequate justification for excusing the failure to meet the filing deadline or for excusing the failure to file for an extension of time prior to the expiration of that deadline." (Order of October 1, 1984, pp. 2–3).

Presently pending is Rowland Lamar Allen, Mid-Town Contractors, Inc. and Property Pick-Up, Inc.'s motion for reconsideration of the October 1, 1984 Order. Movants submit that: (1) the pleadings filed by them within the requisite time period constituted "claims" within the meaning of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule C(6)") such that they have standing to contest the forfeiture proceedings and such that they should be allowed to amend their claims to state more precisely their ownership interest in the seized property and to supply verification for their claims; or, alternatively, (2) even if the original pleadings did not constitute "claims" as contemplated by Rule C(6), this court should exercise its discretion and extend the time within which movants' claims may be filed. Movants request that the October 1, 1984 Order be vacated, that the government's motion to strike be denied, and that either the claimants' motion to amend their "claims and answers" be granted or claimants be given a 10-day extension of time within which to file claims.

Because movants have submitted more extensive argument, the court GRANTS claimants' motion for reconsideration; however, upon reconsideration, the court declines to vacate its October 1, 1984 ruling. The court offers the following discussion, addressing each argument seriatim:

### A. *Existence of a timely claim*

Movants again assert that the pleadings styled "Claim and Answer" filed March 23, 1984, are sufficient to constitute "claims" within the meaning of Rule C(6). Movants contend that a conclusory prayer contained in their answer seeking return of the property [1] is sufficient to satisfy the basic requirements of a Rule C(6) claim. This argument is without merit and the court continues to find the pleadings to be "substantively answers only." (Order of October 1, 1984, p. 2.)

First, the argument ignores the plain wording of Rule C(6) which provides in pertinent part:

The claim shall be verified on oath or solemn affirmation, and *shall state the*

---

**1.** The pleadings demanded that "the [seized] property be returned to the claimants."

*interest in the property* be virtue of which the claimant demands its restitution and the right to defend the action. Fed.R.Civ.P. Supplemental Rule C(6) (Emphasis supplied). The filing of a statement of a specified interest is expressly required to give a claimant standing to demand restitution of property. Thus, movants' argument that a prayer for the property's return asserts a claim is a bootstrapping attempt. The entire purpose of the claim is to establish the requisite standing to enable the claimant to pray for its return. It is convoluted logic to argue that the prayer for return can constitute the claim when the purpose of the claim is to establish a right to seek the property's return.

The present case is somewhat similar to the *United States v. Fourteen (14) Handguns*, 524 F.Supp. 395, 397 (S.D.Tex.1981), case. In that case, the court found that a "Petition for Return of Property" was not a claim as contemplated by Rule C(6) because, among other things, it did not contain a verified statement of claimant's interest in the subject property. *Id.* at 397. The court then struck the claimant's answer for failure to file a timely claim. In this case movants similarly rely on a blanket prayer for return of the property filed by their attorneys to support their position that a claim was in fact timely filed. This court, like the *Fourteen (14) Handguns* court, must find that such a demand cannot be considered a Rule C(6) claim.

Statements by movants' original counsel at the September 28 hearing conclusively establish that no claim was asserted within the 10 day period. Counsel admitted that they filed *answers*, "calling [each] a claim and answer," because they believed the claimant was known. (T. 5).[2] They then urged the court to allow the "amendment" which "states what the interests of the

---

**2.** Transcript citations throughout this memorandum refer to a partial transcript of the September 28 hearing which has been made a part of the record.

**3.** The court notes that even if there were a claim to amend, the court would not allow an amendment due to movants' failure to establish that they made a good faith effort to comply initially

parties are and the verification." (T. 6). Thus, counsel's own statements establish that the purported "amendment" is actually an original claim and the original pleading was only an answer.

■ Because no adequate claims were filed within the prescribed 10-day period, *see* Fed.R.Civ.P. Supplemental Rule C(6), movants' "motion to amend" is meritless; there can be no amendment of a claim which does not exist.[3] And, because the filing of a claim is a prerequisite to the right to file an answer and defend on the merits, the answers in the present case must be stricken from the record because no claim preceded their filing. *Fourteen (14) Handguns*, 524 F.Supp. at 397.

### B. *Extension of time*

■ Movants next argue that they should be permitted to file out-of-time claims pursuant to the court's authority under Rule 6(b) of the Federal Rules of Civil Procedure to permit an out-of-time filing "for good cause shown." The court fails to find an extension of time warranted by the facts of this case and continues to find that claimants have not "offer[ed] adequate justification for excusing the failure to meet the filing deadline or for excusing the failure to file for an extension of time prior to the expiration of that deadline." (Order of October 1, 1984, p. 3).

Claimants rely primarily on two district court decisions wherein the court allowed out-of-time claims. However, both of these cases are not only distinguishable from the present case, but the reasoning of the courts in those cases argues against movants' petition under the facts of this case.

In *United States v. One 1979 Oldsmobile Cutlass Supreme*, 589 F.Supp. 477

---

with the requirements of Rule C(6), that there was no undue delay in asserting the proposed amendment, that the government would not be prejudiced by the amendment, and that the amendment would not be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See* discussion *infra* regarding extension of time argument.

(N.D.Ga.1984) (Forrester, J.), the court allowed the claimant to perfect the filing of her claim with the court based on the court's determination that a prior claim had been filed with the United States Customs Service pursuant to a letter she had received instructing her to return a completed claim to that office. Moreover, because the property was valued at less than $10,-000.00, the court's jurisdiction over the proceeding was not even existent until a claim and cost bond was filed with the seizing agency. *See* 19 U.S.C. § 1608. Accordingly, based on the particular facts of that case, the court found that the claimant had made a "good faith effort" to file her claim to the defendant property and had in fact filed a claim, albeit with the wrong office because she relied on a letter from the seizing government agency.

Similarly, the court in *United States v. One 1979 Peterbilt Tractor*, No. L–82–45 (S.D.Tex. Mar. 23, 1983), found a good faith compliance with the claim filing requirement where the claimant had filed a Petition for Remission with the Drug Enforcement Administration after several communications with the agency seeking directions for perfecting his claim.

The two above cases fail to support movants' position under the facts before this court. None of the movants asserts that he filed a proper claim (or *any* claim) with the seizing agency or that he relied to his detriment upon guidance from a governmental agency. Therefore, the factual bases for the courts' finding of a good faith effort to assert claims in both *One Oldsmobile* and *One Peterbilt Tractor* are nonexistent in the present action. Rather, in the pending actions, counsel admitted that they had not filed proper claims through "inadvertence, ignorance, or whatever." (T. 8). Thus, not only do the facts not support a judicial finding of good faith, they actually mandate against such a finding.

Movants further contend that the court should permit, within its discretion, the filing of late claims in this action through application of the standards governing the setting aside of default judgments. *See* Fed.R.Civ.P. 55(c) and 60(b)(1). Even assuming that these standards govern the present issue, the facts of this case fail to support the relief sought by plaintiff.

First, the record clearly fails to support a finding of excusable neglect or a good faith attempt to comply with Rule C(6). As previously discussed, claimants asserted in open court that proper claims were not timely filed because of a lack of time to properly investigate and through their own "ignorance." (T. 6–8, 15). The assertion that time pressures should establish good faith or excusable neglect is misplaced at this stage of the litigation. If time were in fact the problem, counsel could have easily moved for an extension within the 10-day period as permitted under Rule C(6).

As to the argument that counsel's ignorance of the law should establish a finding of excusable neglect, the court does not deem counsel's ignorance or mistake of law justification for relief from judgment under the circumstances of this case. The requirements of Rule C(6) are clear from a mere reading of the Rule and the court finds no excuse for counsel's purported ignorance.

Finally, the "claims" and "amendments" on their face indicate a total lack of any good faith attempt to assert a valid, timely claim or the presence of "inadvertence or excusable neglect." An examination of these "claims" and "amendments" shows that many of the persons filing original "claims and answers" never even sought to amend these pleadings to set forth an interest in the property.[4] Once again, movants' counsel stated that amendments were only filed as to those persons having "real" claims. (T. 7). Given this statement, it is incredible that movants now urge the court to find good faith or mere inadvertence in

---

**4.** The court notes that even the instant motion was filed as to many properties whose claims movants have not even sought to amend. Ap-

parently, there is still no final resolution of who has a recognizable interest in these properties.

their failure to comply with Rule C(6) in the first instance.

Another prong of the test which must *also* be satisfied to authorize relief from judgment (again, assuming this standard even applies) is that the defaulting party would have a meritorious defense to the action. Movants attempt to satisfy this burden with a general assertion *in their* brief that *"much* of the seized property was obtained through legitimate business transactions" and therefore "claimants have a meritorious defense to at least a *substantial portion* of these forfeiture proceedings." (Brief in Support of Motion for Reconsideration, pp. 13, 14) (Emphasis supplied). These general assertions do not even attempt to create a meritorious defense to these proceedings. At best, these allegations are simple denials or conclusory statements which do not accomplish the requisite showing of a meritorious defense to these forfeiture actions.[5]

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984). In *United States v. $55,518.05,* the court found that ambiguous, conclusory language was insufficient to constitute a meritorious defense to a forfeiture action. Instead, the court required specific, *factual* allegations which, if proven at trial, would constitute a meritorious defense to the forfeiture. Because the claimant's answer raised only general, conclusory defenses rather than specific facts, the court concluded that no meritorious defense was established. Based on this conclusion alone,

the Court of Appeals affirmed the district court's denial of claimant's motion to set aside default judgment, which was accompanied by a motion to file an untimely claim based on excusable neglect. *Id.* at 196, 197.

Finally, the movants urge that the government would not be prejudiced by the allowing of these out-of-time claims. As noted by the court in *United States v. $55,518.05, supra,* this issue is irrelevant absent a showing of a meritorious defense. *Id.* at 197. Likewise, it is a finding to be made in *addition* to a determination of excusable neglect or good faith on the part of the movant. Since movants have failed to show excusable neglect, good faith, or a meritorious defense, it is not necessary the court reach the issue of harm to the government to properly exercise its discretion to deny the untimely claims.

█ In any event, the court notes that it appears that the government's position was manipulated and compromised by movants' tactics in this and the related criminal proceeding. In both its previous memoranda and in oral argument before the court, government's counsel has asserted that the claimants made an election to risk filing inadequate claims in order to avoid setting forth their interest in these properties prior to the criminal trial[6] and no one has ever specifically denied to the court that such an election was made. The movants were not entitled to make such an election solely to avoid assertion of a specific claim pending criminal prosecution. *See Baker v. United States,* 722 F.2d 517 (9th Cir.1983). To the extent that the government was entitled to know the parties' specific interest in the

---

**5.** Even if the conclusory statements were adequate, movants concede that the defense would apply to only some of the properties. The court cannot be left to guess which cases are defensible and which ones are not.

The inadequacy of these general conclusory denials is highlighted by the statement in footnote 4 of movants' memorandum that forfeiture of properties acquired prior to 1978 is not allowable. In fact, according to the government, none of the properties in question were acquired before 1978. Thus, either movants are

still unaware of the validity of their factual defenses, or this is a misleading statement.

**6.** Movants imply that the government could have earlier forced the issue by filing the "Motion to Strike Answers" earlier in these proceedings. However, such a course would have been improper in light of plaintiff's pending motion to stay civil proceedings pending the termination of the criminal case. It should be noted that the time had long passed for the filing of claims when the Motion to Stay was filed.

**470**

property through the timely filing of a claim in these proceeding, their litigating posture was, at the very least, manipulated by movants. Furthermore, notwithstanding the instant prejudice, the court finds that the government would be prejudiced in the long run if the court condoned such a bad faith manipulation of the judicial process.

## CONCLUSION

In conclusion, the court declines to vacate its Order of October 1, 1984. Movants have failed to establish that they filed timely claims to the defendant properties which are now subject to amendment. They have also failed to establish facts which would justify the court's exercise of its discretion to allow untimely claims. The court's granting of plaintiff's motion to strike answers and denial of claimants' motions to amend was proper and will not be set aside.