**UNITED STATES of America, Plaintiff,**

v.

**ONE 1978 BMW VIN NUMBER 5391202, Defendant.**

**Civ. A. No. 84–2968–Y.**

United States District Court, . D. Massachusetts.

Dec. 31, 1985.

Asst. U.S. Atty. Jeffrey R. Martin, Boston, Mass., for plaintiff.

Henry F. Owens, III, Ellen K. Wade, Owens & Associates, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This is an action for judgment of forfeiture for property seized on land and subject to the provisions of 49 U.S.C. §§ 1345 and 1355. The United States has moved for judgment by default. The matter was scheduled for hearing on September 18, 1985, but when neither the BMW nor its counsel appeared, the government agreed to submit the question on briefs.

The complaint in this case was filed on September 19, 1984. On October 9, 1984, the Clerk of the Court issued a Warrant and Monition directing, *inter alia*, service of the complaint on one Mal Johnson, the owner of record of the defendant BMW. The proof of service provided this Court indicates that Johnson was served on October 18, 1984. On November 13, 1984, Johnson filed an "Answer" contending the seizure was unlawful and demanding return of the property along with compensatory damages. The United States has moved to

strike this Answer and enter judgment by default.

Proceedings in forfeiture cases involving property seized on land may be enforced by a libel action conforming as nearly as possible to a proceeding in admiralty. 28 U.S.C. § 2461(b). Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims provides that "[t]he claimant of property that is the subject of an action in rem shall file his claim within 10 days after process was executed, ... and shall serve his answer within 20 days after the filing of the claim." The Rule makes plain that the "filing of a claim is a prerequisite to the right to file an answer." *United States v. Fourteen Handguns*, 524 F.Supp. 395, 397 (S.D.Tx.1981). In addition, the Rule requires that a claim "shall be verified on oath or solemn affirmation."

In this case, Johnson's first response to the complaint—the "Answer"—was filed more than two weeks beyond the claim period provided by Rule C(6). Moreover, it was not until April 16, 1985 that Johnson filed a properly verified claim. Johnson argues that this delay should be excused because the government waited to bring this action until a time when it knew "Johnson and his attorneys were much more urgently concerned with his impending sentencing and probable incarceration." The Court rejects the invitation to create an "inconvenient timing" exception to Rule C(6). *Cf. United States v. Fourteen Handguns*, 524 F.Supp. at 397 (where no proper claim preceded answer, motion to strike answer granted). Simply as an empirical matter, it is difficult to see how a concern over a pending criminal conviction would prejudice a claimant's ability to respond to the notice. So long as one is able to obtain paper, pencil and a stamp, the effort required to submit a notice of claim is minimal. The failure of Johnson to timely respond is inexcusable on the facts of this case.

Accordingly, the motions of the United States to Strike Johnson's Answer and for Default Judgment are ALLOWED. Johnson's motions are DENIED. The Clerk shall enter default judgment in favor of the United States.