**UNITED STATES of America, Plaintiff,**

v.

**PREMISES KNOWN AS LOTS 14, 15, 16, 19, 47, and 48, etc., Defendant.**

**No. 86–106–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

Nov. 24, 1987.

Stephen A. West, Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

James D. Williams, Spaulding and Williams, Durham, N.C., for defendant.

## ORDER

DUPREE, Senior District Judge.

On August 12, 1987, Magistrate Denson of this court granted plaintiff's motion to strike Norman W. Young's answer to plaintiff's complaint on the grounds that Young failed to file a written claim pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter Supplemental Rules) before the filing of an answer. The action is before the court on Young's appeal from the order striking his answer and on his motion to further extend the time period within which to file a claim and answer. Plaintiff has responded to Young's appeal and motion. For the following reasons, the magistrate's order will be affirmed and Young's motion will be denied.

On December 4, 1986, a complaint for forfeiture *in rem* was filed pursuant to 21 U.S.C. § 881(a)(6) against the property captioned above and titled in the name of Norman W. Young. A warrant of arrest and notice *in rem* issued on December 8, 1986. Young was served with process on January 14, 1987, and the defendant real property was seized by the United States Marshal on January 15, 1987. On April 23, 1987, the court granted Young's motion for an enlargement of time "within which to file an Answer and to file a claim" to the warrant and notice, allowing plaintiff until May 1, 1987 within which to do so. Young filed an answer to the complaint on April 23, 1987.

On May 12, 1987, plaintiff moved to strike Young's answer on the grounds that (1) the answer was filed untimely without a sufficient showing of excusable neglect and (2) such filing did not comply with Rule C(6) of the Supplemental Rules. Young failed to respond to plaintiff's motion. On August 12, 1987, the magistrate granted plaintiff's motion to strike Young's answer. On appeal from that order Young argues that (1) his answer was filed as a claim and (2) the order of August 12 constitutes a dispositive as opposed to a non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 62.03.

In civil forfeiture proceedings, the Supplemental Rules are made applicable. 21 U.S.C. § 881(b). Supplemental Rule C(6) expressly provides that:

> The claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an ... attorney, it shall state that the ... attorney is duly authorized to make the claim.

The filing of a proper claim in accordance with Rule C(6) is a *prerequisite* to the filing of an answer and is an essential element of a would-be claimant's standing to contest a forfeiture. *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 215 (7th Cir.1985). An answer filed by a would-be claimant cannot substitute for the claim required by Rule C(6). *See United States v. One 1978 BMW*, 624 F.Supp. 491 (D.Mass.1985); *United States v. Fourteen (14) Handguns*, 524 F.Supp. 395 (S.D.Tex.1981).

In his order the magistrate found that Young's answer to the complaint met none of the requirements of Supplement Rule C(6). Specifically, the answer was not verified on oath or solemn affirmation nor, even if construed as a claim, was it filed prior to the filing of an answer. The magistrate further found that "no document

that can be construed as a claim was filed before the answer was filed." Order of August 12 at 2. *Cf., United States v. Articles of Hazardous Substance,* 444 F.Supp. 1260, 1263 (M.D.N.C.), *affirmed in part, reversed in part,* 588 F.2d 39 (4th Cir.1978) (district court excused failure to comply with Rule C(6) on ground that claimant had made a sufficient showing of its interest in the seized articles in a motion to quash the warrant of arrest and accompanying affidavits that claimant had filed with the court). Having found that Young failed to file a proper claim the magistrate concluded that Young lacked standing to file an answer and, therefore, struck his answer to plaintiff's complaint.

After reviewing the record and the order of the magistrate, the court concludes that the order is well reasoned and is entirely in accordance with law. Young's argument that his answer was filed as a claim and responsive pleading to the complaint is as unavailing now as it was when analyzed by the magistrate. As of the undersigned date, some eleven months after service of process, Young has failed to assert any sort of claim by oath or solemn affirmation to the defendant real property other than Young's counsel's assertion that "[t]he Defendants [i.e., Young] have a meritorious defense and have acted in good faith since the commencement of this lawsuit."[1] Motion to Enlarge Time ¶ 13. Furthermore, the magistrate's order of August 12 was not dispositive of this action. *See* 28 U.S.C. § 636(b)(1)(B); Local Rules 62.03–.04. Based on the foregoing, the magistrate's order of August 12, 1987, granting plaintiff's motion to strike Norman Young's answer to the complaint, is affirmed.

In support of his motion for an enlargement of time within which to file an answer "or other responses" to the complaint, warrant for arrest and notice *in rem,* Young raises grounds identical to those asserted in his first motion filed April 23, 1987. These grounds essentially turn on (1) ignorance of the law in this civil area and (2) lack of time due to the time and energy devoted by counsel to their client's criminal case.[2]

A moving party seeking to make an untimely filing is required to demonstrate that "the failure to act was the result of excusable neglect." F.R.Civ.P. 6(b)(2). "Excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified in the rules." 4A Wright & Miller, *Federal Practice and Procedure* § 1165 at 480 (emphasis added). Mere ignorance or unfamiliarity with the law is clearly inadequate, especially since the necessity of filing a claim is clear from a reading of Supplemental Rule C(6). *United States v. Properties Described in Complaints,* 612 F.Supp. 465, 468 (N.D.Ga. 1984), *aff'd sub nom., United States v. One 1979 Mercedes Benz,* 779 F.2d 58 (11th Cir.1985). Urgent concerns surrounding criminal proceedings are also inadequate grounds for an enlargement of time. *One 1978 BMW,* 624 F.Supp. at 492; *Properties Described in Complaints,* 612 F.Supp. at 468.

In this instance Young has failed to show any reasonable basis for failure to comply with the rules of procedure. He was given one enlargement within which "to file an Answer *and* to file a claim...." Order of April 23, 1987 (emphasis added). To this date Young has failed to file a claim. Moreover, even assuming Young has acted in good faith, he has failed to put forth any reasonable basis for failing to comply with the rules. Therefore, Young's motion for enlargement of time is denied.

---

1. Considerable question as to Young's "good faith" is raised by the fact that Young attempted to transfer his interest in the defendant real property to Alice Young Butler on December 8, 1986, just days after the filing of this action. Exhibit A to Plaintiff's Memorandum (filed May 12, 1987).

2. On August 19, 1986, Young was indicted for allegedly violating 18 U.S.C. §§ 371 (conspiracy), 1952A (interstate and foreign travel or transportation in aid of racketeering enterprises); 21 U.S.C. §§ 841(a)(1), 843(b) (controlled substance prohibitions); and 31 U.S.C. §§ 5316, 5322 (failure to report certain transfers of monies). The instant complaint for forfeiture *in rem* arises from these charges.

To summarize, the order of August 12, 1987, striking Norman W. Young's answer is affirmed and Young's motion for enlargement of time within which to answer or otherwise respond to the complaint is denied.

SO ORDERED.