**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE ASSORTMENT OF EIGHTY–NINE FIREARMS AND SIX HUNDRED AND THIRTY–EIGHT ROUNDS OF AMMUNITION, Defendant,**

**Robert Daniel, Non–Party Appellant.**

**No. 87–5409.**

United States Court of Appeals,
Sixth Circuit.

Argued March 14, 1988.

Decided May 2, 1988.

---

Stephen B. Shankman, Memphis, for non-party appellant.

W. Hickman Ewing, U.S. Atty., Memphis, Phil M. Canale, Lead Counsel (argued), for plaintiff-appellee.

Before JONES and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Robert Daniel appeals from the district court's denial of his motion to reconsider the striking of his answer to a civil forfeiture complaint filed by the United States. The answer was struck due to Daniel's failure to comply with the provisions of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[1] Daniel argues that due to the timing of the execution of process, his claim and answer were not untimely. We agree, and for the following reasons, we reverse the judgment of the district court and remand for further proceedings.

I.

On May 7, 1986, the government instituted this action pursuant to 18 U.S.C. § 924(d) and 26 U.S.C. § 5872(a), by filing a civil forfeiture complaint in which it sought the forfeiture of one assortment of eighty-nine firearms and six hundred thirty-eight rounds of ammunition. On May 27, 1986, a warrant of seizure and monition was issued and handed to the marshal. On May 30, 1986, the complaint was served on Robert Daniel.

Daniel contacted Stephen Shankman for the purpose of representing him in these proceedings. Shankman contacted Phil Canale, an Assistant United States Attorney, in order to procure an extension of time in which to answer the complaint. An agreement was reached between Shankman and Canale that Daniel would have an additional thirty days to answer the complaint. Shankman prepared a consent order which granted an additional thirty days to file an answer. He asserts that he dropped the order off at the office of the Honorable Robert M. McRae in the early part of the middle part of June. Judge McRae was on vacation at that time, and the order was not signed and filed until July 1, 1986. This order made no reference to an exten-

1. Supplemental Rule C(6) reads in pertinent part as follows:

The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.

sion of the time for filing a claim. On July 16, 1986, Daniel filed an answer and a verified claim.

On August 6, 1986, the warrant of seizure and monition was executed by the marshal. On August 26, 1986, the government moved to strike the answer of Daniel for failure to comply with the timing requirements of Supplemental Rule C(6). In an order dated January 9, 1987, the court granted this motion and on March 12, 1987, it denied Daniel's motion for reconsideration of this order. On May 14, 1987, a default judgment was entered in favor of the government. Daniel appeals from the district court's denial of his motion for reconsideration.

## II.

This proceeding is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* 26 U.S.C. §§ 5872(a), 7323. *See generally* 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶ C.11 (2d ed. 1983) (applicability of the Supplemental Rules to judicial forfeiture actions).

This case demonstrates the hazards that claimants encounter when they are unfamiliar with the procedural rules that govern their case. In particular, we focus on supplemental Rule C which sets forth the procedures to be followed in actions in rem.

The United States commences a judicial forfeiture by filing a verified complaint in the district where the seizure occurred.

> In actions in rem the complaint shall be verified on oath or solemn affirmation. It shall describe with reasonable particularity the property that is the subject of the action and state that it is within the district or will be during the pendency of the action. In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall state the place of seizure and whether it was on land or on navigable waters, and shall contain such allegations as may be required by the statute pursuant to which the action is brought.

Supplemental Rule C(2).

Upon the filing of the complaint, the clerk issues a summons and warrant for arrest of the property and delivers it to the marshal for service.

> [T]he verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service.

Supplemental Rule C(3).

If the property is not released within ten days, the United States must publish notice of the action and arrest in a newspaper of general circulation within the district.

> If the property is not released within 10 days after execution of process, the plaintiff shall promptly or within such time as may be allowed by the court cause public notice of the action and arrest to be given in a newspaper of general circulation in the district, designated by order of the court. Such notice shall specify the time within which the answer is required to be filed as provided by subdivision (6) of this rule.

Supplemental Rule C(4).

The claimant of property that is the subject of the action must file a verified claim within ten days after process has been executed or within such additional time as may be allowed by the court and must serve an answer within twenty days after the filing of the claim. Supplemental Rule C(6). Courts have held claimants to strict compliance with the provisions of Rule C(6). *See e.g., United States v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir.1986) (affirming the striking of answer which was not preceded by verified claim); *United States v. United States Currency in the Amount of $2,857,* 754 F.2d 208 (7th Cir. 1985) (affirming grant of summary judgment against claimant who filed claim with the Drug Enforcement Administration instead of with the district court).

Following the analysis in *Beechcraft,* the district court in the instant case struck Daniel's answer and granted default judg-

ment to the United States, because Daniel had not filed a timely claim nor asked for an extension of time to file the claim.[2] In finding Daniel's claim to be untimely, the district court determined that the time for filing the claim began to run on May 30, 1986, the date Daniel was served with the complaint.

In this case, the warrant of seizure was issued on May 27th but was not executed until August 6th. Since the time for the filing of a verified claim begins to run upon the execution of process, and since process was not executed in this case until August 6th, the time for filing the claim began to run on August 6th not May 30th. Therefore, Daniel's claim, which was filed on July 16th, was not filed late.

This conclusion, however, raises questions concerning Daniel's early filing of his claim and answer. Supplemental Rule C(6) states that a claimant "shall file his claim within 10 days after process has been executed...." However, courts have excused claimants' noncompliance with the rules, when the noncompliance was the result of their reliance on actions by the government. *See United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1546–47 (11th Cir.1987) (due to the government's procedural errors, claimants were not required to satisfy Supplemental Rule C(6)). In the instant case, Daniel was served with a summons and complaint on May 30, 1986 and the government entered into a consent order which set July 20, 1986 as the date for filing an answer. Given the government's actions in this case, we conclude that Daniel was not required to wait to file the claim until the government executed process. Therefore, Daniel's claim and answer were not untimely.

Since the time for filing a verified claim did not begin to run until the execution of the warrant of seizure, and since the early filing of Daniel's claim was justified by the actions of the government, Daniel's answer should not have been struck and he should have been allowed to proceed to the merits of his case.

Accordingly, we REVERSE the order of the district court striking Daniel's answer, we VACATE the entry of default judgment, and we REMAND for further proceedings in accordance with this opinion.

---

2. The consent order which Judge McRae signed on July 1st did not refer to the filing of a claim. It is clear, however, that had Daniel requested an extension of time to file a claim, the district court had the discretion to grant such a request. *See United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir.1985).