UNITED STATES of America, Plaintiff,

v.

THREE (3) PARCELS REAL PROPERTY, in the Names of Robert Lee Armstrong, Mayetta Armstrong and/or Ricky Armstrong LOCATED IN JEFFERSON DAVIS COUNTY, MISSISSIPPI, Described as Follows:

Parcel No. 1:

One (1) Acre of land located in the SE ¼ of the NE ¼, Section 17, Township 8 North, Range 19 West, Jefferson Davis County, Mississippi, described as commencing at the Southwest corner of said SE ¼ of NE ¼ and run thence East 102 feet to the North right-of-way of the black top public road, run thence North 54 degrees East along the North right-of-way of said road 363 feet to and for a point of beginning: Thence run North 70 degrees East along the North right-of-way of said public road 209 feet; thence run North 209 feet; thence run Southwesterly parallel with said road 209 feet; thence run South 209 feet back to the Point of Beginning,

Parcel No. 2:

A parcel of land located in the SE ¼ of the NE ¼, Section 17, Township 8 North, Range 19 West, Jefferson Davis County, Mississippi, described as commencing at the Southwest corner of the SE ¼ of the NE ¼ of said Section 17 and run thence East 102 feet to the Northern right-of-way of the black top public road, thence run Northeasterly along the said Northern right-of-way of said road 572 feet to the most Easterly corner of the land conveyed to Robert Lee Armstrong and Mayetta Armstrong by deed dated August 6, 1971, and recorded in Jefferson Davis County, Mississippi, Deed Book 91, at page 825, for the point of begin-

ning; thence run North 209 feet; thence run Northeasterly parallel with said road 209 feet; thence run South 209 feet to the said road; thence run Southwesterly along said road to the point of beginning, containing 1 acre, more or less,

Parcel No. 3:

One (1) acre of land located in the NW ¼ of the NW ¼ of the SE ¼, Section 8, Township 8 North, Range 19 West, Jefferson Davis County, Mississippi, described as commencing at the SE corner of said NW ¼ of the NW ¼ of the SE ¼; thence run North 200 feet to and for the point of beginning; thence run North 209 feet; thence run West 209 feet; thence run South 209 feet; thence run East 209 feet to the point of beginning, Defendant Property.

Civ. A. No. H91–0016(P)(N).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 15, 1993.

Donald Waits, Biloxi, MS, for plaintiff.

John Colette, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion to Strike and for Default Judgment or in the Alternative for Summary Judgment filed on behalf of the Plaintiff and on Motion to Amend Claim filed on behalf of the claimants and Motion to Withdraw filed by claimant's attorney. The Court, having reviewed the motions, the responses, the briefs and the authorities cited, and being otherwise fully advised in the premises, finds that the Plaintiff's Motion to Strike and Motion for Default as to Mayetta Armstrong, and Motion for Summary Judgment as to Robert Lee Armstrong and Ricky Armstrong should be granted, and finds specifically as follows, to-wit;

### FACTUAL BACKGROUND

This action, an *in rem,* judicial forfeiture action, was commenced on February 5, 1991, by the United States of America filing a Verified Complaint for Forfeiture against the defendant property. Attached to the verified complaint is the Declaration of Steve Monachello, which certifies and affirms the facts and circumstances supporting the requisite probable cause to justify the forfeiture of the defendant property.

After commencement of this action, the complaint was referred to United States Magistrate Judge John M. Roper, who, after reviewing the verified complaint and declaration, on February 19, 1991, entered an order finding "... that plaintiff has made a prima facie showing that it is entitled to the relief requested as it pertains to the defendant property; and that probable cause exists to believe that Parcels 1 and 2 were used to facilitate the commission of a violation of Title 21, U.S.C. § 841(a), ... and that Parcel No. 3 constitutes ultimate proceeds traceable to an exchange of money, or thing of value, for a controlled substance in violation of Title 21, *United States Code.*"

Pursuant to that order the defendant property was arrested by a Deputy United States Marshall on March 21, 1991. Simultaneously with the arrest, the Deputy Marshall personally served a copy of the complaint, order and warrant for the arrest of the property on Mayetta Armstrong. The notice informed the recipient that she had ten (10) days within which to file her claim and twenty days thereafter within which to file her answer. The notice was also published in the Clarion Ledger, a newspaper published and having general circulation in this District, on April 8, 9, 10, 15, 16, and 17, 1991.

On April 12, 1991, a document styled "Notice of Claim to Property" was filed in this action. It was signed by Robert Lee Armstrong and Mayetta Armstrong and by Attorney John Colette who signed on behalf of Ricky Armstrong as "His duly authorized agent in fact." This document is not verified on oath or solemn affirmation as required by Supplemental Rule C(6). The claim also merely stated that each of the claimants was "... one of the owners ..." of the defendant property without any specificity whatsoever. A joint answer was also filed for these purported claimants on May 1, 1991.

Record title to Parcel numbers 1 and 2 are vested in Robert Lee Armstrong and wife Mayetta Armstrong as tenants by the entirety. Record title to Parcel number 3 is vested in Ricky Armstrong and Mayetta Armstrong as joint tenants with right of survivorship. The residence of Robert Lee and Mayetta Armstrong is located on Parcels 1 and 2. The residence of Ricky Armstrong is located on Parcel 3.

On March 21, 1990, in Criminal Action No. H89–00009(W), Robert Lee Armstrong and Mayetta Armstrong pleaded and were found guilty of possession of marijuana with intent to distribute and Ricky Armstrong pleaded and was found guilty of possession of "crack" cocaine with intent to distribute. All of the crimes to which the Armstrongs pleaded guilty occurred at the residence of Robert Lee and Mayetta Armstrong which comprises Parcels 1 and 2 of the defendant property.

The Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(6) provides that a claimant of property subject to an *in rem* action "... shall file a claim within 10 days after process has been executed ..." Service of the warrant on the *res* constitutes "execution of process" for purposes of the

forfeiture statutes. *See, United States v. $38,570 U.S. Currency,* 950 F.2d 1108 (5th Cir.1992), and cases cited therein.

■ The undisputed evidence is that the property was arrested on March 22, 1991, and further that Mayetta Armstrong was personally served at that time. Any claim by Mayetta Armstrong must have been filed by April 5, 1991. The purported claimant, Mayetta Armstrong, has not complied with Supplemental Rule C(6). Courts have held claimants to strict compliance with this rule. *See, United States v. One 1978 Piper Navajo PA–31 Aircraft,* 748 F.2d 316 (5th Cir.1984); *United States v. One Assortment of Eighty–Nine Firearms,* 846 F.2d 24 (6th Cir.1988); and *United States v. $38,000 in U.S. Currency,* 816 F.2d 1538 (11th Cir.1987). Mayetta Armstrong has not filed a timely claim and therefore the purported claim filed on her behalf is hereby stricken and it is so ORDERED.

The answer filed on behalf of Mayetta Armstrong must also be stricken because it was not preceded by a timely verified claim, and it is so ORDERED. *See, United States v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir.1986).

The purported claim and answer of Mayetta Armstrong having been stricken, the United States' Motion for Default Judgment of Forfeiture is GRANTED, as to Mayetta Armstrong, and it is so ORDERED.

■ The Government argues that because Mayetta Armstrong was personally served on the day the defendant property was arrested, Robert Lee Armstrong and Ricky Armstrong had constructive knowledge of the arrest, and thus had only until April 5, 1991, to file their claims as well. The Court is of the opinion that Robert Lee Armstrong had constructive knowledge of the arrest because he is married to Mayetta and lives at the same residence. *See United States v. Two Parcels of Real Estate and Certain Personal Property in Jefferson Davis County, Mississippi,* Civil Action No. H89–0202(P)(N), 1992. Therefore, the purported claim and answer filed by him are also strick-

en and default judgment is Granted in favor of Plaintiff as to Robert Lee Armstrong's claim.

■ However, Ricky Armstrong was incarcerated at the time of the arrest and the Government has not shown any basis for imputing constructive knowledge of the arrest to him. The purported claim, if valid, would have been timely filed by Ricky Armstrong.

Claimant Ricky Armstrong argues that the purported claim is a good faith attempt to file a valid claim. He does not cite the Court to any authority which recognizes any such "good faith attempt" as a valid claim, however.

■ Ricky Armstrong has admitted that the purported claim does not technically comply with Supplemental Rule C(6). Indeed, the court is of the opinion that the original claim filed on behalf of Ricky Armstrong is not valid as Courts have held claimants to strict compliance with this rule. *See, United States v. One 1978 Piper Navajo PA–31 Aircraft,* 748 F.2d 316 (5th Cir.1984); *United States v. One Assortment of Eighty–Nine Firearms,* 846 F.2d 24 (6th Cir.1988); and *United States v. $38,000 in U.S. Currency,* 816 F.2d 1538 (11th Cir.1987).

After attack on the purported claim filed by Ricky Armstrong, he has moved the Court to allow him to file an amended claim which cures many of the defects in the original claim filed.[1] However, the Court would note that, for the reasons stated below, the fact that the original claim filed by Ricky Armstrong is not in strict compliance with Rule C(6), while likely dispositive of the case, does not stand alone in disposing of same. The same is true of the alleged claims of Robert Lee and Mayetta Armstrong.

### SUMMARY JUDGMENT

■ The government bears the initial burden of demonstrating probable cause to believe that the Armstrong's residence on Parcels 1 and 2 was used to distribute or store illegal drugs and that Parcel 3 constitutes

---

1. Claimants Robert Lee and Mayetta Armstrong also join this Motion. However, because of the prior disposition of their claims, it is moot as to them.

ultimate proceeds traceable to an exchange of money, or thing of value, for a controlled substance. *See United States v. One 1986 Nissan Maxima GL,* 895 F.2d 1063 (5th Cir.1990).

The government has met its initial burden of showing probable cause to justify forfeiture of all three parcels as set forth in Judge Roper's order of February 19, 1991. "If unrebutted, a showing of probable cause alone will support a forfeiture." *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983).

To effectively refute the government's proof, the Armstrongs may not rest upon mere denials of the government's complaint and interrogatories but, "must set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e); and *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 998 (5th Cir.1990). All three of the Armstrongs pleaded guilty to the distribution of illegal drugs from the residence located on Parcels 1 and 2. There has been no legitimate denial of this fact by the claimants. Thus, there is no genuine issue for trial as to whether or not Parcels 1 and 2 were used to facilitate the distribution of illegal drugs; they were, and are therefore forfeited to the United States.

As to Parcel 3, the government has offered proof that the residence located thereon is valued at approximately $52,000 and was paid for with cash and that there has never been any recorded lien on the property. Further, that neither Mayetta nor Ricky Armstrong had the financial means to pay for the construction of the residence, according to their filed tax returns. The government's initial showing of probable cause that Parcel 3 constitutes ultimate proceeds traceable to an exchange of money, or thing of value, for a controlled substance has not been rebutted by the general denials of claimants without specific supporting facts. Indeed, the claimants have not even filed an affidavit to refute the government's motion. They rely instead on the answers to interrogatories, which are not sworn to by the claimants, and their general denials in the purported answer, signed by their attorney and which has been stricken, as to Robert Lee and Mayetta Armstrong and likely could be stricken as to Ricky Armstrong.

There is no genuine issue for trial and the government's Motion for Summary Judgment of Forfeiture, as to all parcels, should be GRANTED and it is so ORDERED.

In light of the foregoing, Claimants' attorney's Motion to Withdraw and the Motion to Amend Claim are without merit and hereby OVERRULED.

A separate judgment will be prepared by the government within ten days of the filing of this order and entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.