**GREGORY BOAT CO., Plaintiff,**

v.

**The VESSEL BIG BEAUT, her engines, tackle, machinery, appurtenances and apparel, etc., in rem, and Robert N. Williams, in personam, Defendants.**

Civil No. 96–CV–71260–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 28, 1996.

Rickel & Baun, P.C. by Mark A. Baun, Grosse Pointe Farms, MI, for Plaintiff.

Berkley, Mengel & Vining, P.C. by Guy C. Vining & Randall B. Pitler, Detroit, MI, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR DEFAULT JUDGMENT

HOOD, District Judge.

### I. FACTS

This is an action *in rem* brought pursuant to 46 U.S.C. § 31342. Plaintiff, Gregory Boat Co., and Defendant, Robert N. Williams, contracted for Plaintiff to perform services for the Defendant Vessel, *Big Beaut.* The parties are presently in dispute as to the performance and payment on the contract. The Plaintiff filed a Verified Complaint on March 21, 1996, alleging failure to pay $3,799.48 owing on the contract. On March 22, 1996, the Court entered an Order Authorizing the Court to Prepare Warrant for the Arrest of Vessel. Defendant Williams was personally served on April 2, 1996. The Defendant filed an Answer on April 19, 1996, and a Counter–Complaint on April 26, 1996. The Defendant also filed a Motion for Temporary Restraining Order and to Dissolve Arrest Warrant on April 29, 1996. The Court denied that motion on May 10, 1996. Also on April 29, 1996, the Plaintiff filed a Motion to Strike Answer and for Default Judgment. The parties entered into an agreement whereby the Plaintiff returned the vessel to Defendant vessel to Defendant Williams in exchange for an escrow account as security.

### II. DISCUSSION

Presently before the Court is Plaintiff's Motion to Strike Answer and for Default Judgment. The matter is properly before the Court pursuant to 28 U.S.C. § 1333, which provides for jurisdiction of maritime and admiralty claims. This includes claims for breach of contract, pertaining to the repair of a marine vessel. *See Robert E. Derecktor, Inc. v. Norkin,* 820 F.Supp. 791, 792 (S.D.N.Y.1963). 46 U.S.C. § 31342 states a

cause of action in admiralty for failure to pay for necessaries provided to a vessel. The Section provides in part:

a) ... a person providing necessaries to vessel on the order of the owner, or a person authorized by the owner—

1) has a maritime lien on the vessel;

2) may bring a civil action *in rem* to enforce the lien; and

3) is not required to allege or prove in the action that credit was given to the vessel.

*Id.* The Plaintiff filed an action *in rem* against Defendant Williams and the Defendant vessel *Big Beaut.*[1] The Verified Complaint alleges that Defendant Williams failed to pay for repair, maintenance and storage services provided by the Plaintiff for the benefit of the Defendant vessel. In both its Answer to Motion for Temporary Restraining Order and Motion to Strike Answer and for Default Judgment, the Plaintiff relies on the Supplemental Rules for Certain Admiralty and Maritime Claims. Supplemental Rule C(6) (Supplemental Rule), states in relevant part:

The claimant of property that is the subject of an action *in rem* shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.

*Id.* It is not disputed that the Defendant did not timely file a claim pursuant to the Supplemental Rule. By its own terms, the filing of a claim is a prerequisite to the filing of an answer. The Sixth Circuit has strictly construed the Supplemental Rule. *See United States v. One Assortment of Eighty–Nine Firearms,* 846 F.2d 24 (6th Cir.1988) (holding that the claimant of property that is the subject of the action must file a verified claim within ten days after process has been exe-

cuted or within such additional time as may be allowed by the Court). *Id. See also United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir.1988); *United States v. Three Parcels Real Property,* 814 F.Supp. 527 (S.D.Miss.1993); *United States v. Premises Known as Lots 14, 15, 16 Etc.,* 682 F.Supp. 288, 289 (E.D.N.C.1987).

In their response, the Defendants request that the Court grant relief from Judgment or Order pursuant to Fed.R.Civ.P. 60(b). The Rule provides for relief from a final judgment, order or proceeding upon motion for, among other reasons, "mistake inadvertence, surprise, or excusable neglect." *Id.* Such relief is within the discretion of the trial court. The Court denies this request for several reasons. The Sixth Circuit's interpretation of the Admiralty Rules cited above, as opposed to the more liberal Federal Rules, dictate the standard by which the Court must evaluate what constitutes "excusable neglect."

At oral argument, counsel for the Defendants stated that when Defendant Williams received notice of the maritime lien, the pages of the notice document were in the wrong order, and that the section which set forth the requirement that a party file a notice of claim within ten days appeared on the last page of a multiple page document. Further, Defendant Williams did not have counsel at that time. Defendant Williams argued that for the above reasons, the Court should excuse his noncompliance with the Supplemental Rule. If the Court were to accept that argument, that excusal would not go beyond the day counsel was retained in this matter. Counsel was in a position to ascertain the filing requirements, promptly notify the Court of the reasons for Defendant Williams' noncompliance, and request leave to file a notice of claim. The Court did not receive such a request either before or con-

---

1. Defendant Williams argues that the wrong party was served in this matter. Evidently, Mr. Williams is not the true owner of the vessel. The vessel is under the ownership of BBB Corporation, a Delaware Corporation, of which Mr. Williams and his wife are the incorporators, and sole shareholders. [Pl. Exh. B] The Court finds it somewhat disingenuous that counsel would raise this argument after he negotiated with op-
posing counsel purportedly on Mr. Williams' behalf for the release of the boat to Mr. Williams so that he may enjoy the recreational boating season. However, the ownership issue does not change either the analysis or the result, as 46 U.S.C. § 31342 is properly invoked where services have been provided to a vessel on the order of the owner, "or a person authorized by the owner."

temporaneous with Defendants' Answer. The Defendants have not set forth an adequate argument or explanation as to why no notice of claim was filed.

Further, even if the Court were inclined not to apply a strict interpretation of Supplemental Rule C(6), the Defendants have not complied with the procedural requirements of Fed.R.Civ.P. 60(b). Relief under Rule 60 is invoked "[o]n motion." At the time Defendants made this request the Court had not issued a Final Judgment or Order in this matter from which the Defendants may seek relief.

Defendant Williams also argues that they have substantially complied with Fed. R.Civ.P. 4. Rule 4 sets forth pleading requirements in an ordinary civil action. However, the instant case is not an ordinary civil matter, it is a maritime matter, and as such is subject to the procedural requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims. [see Fed.R.Civ.P 9(h)] The defendant does not cite any cases where an extension of time was granted relative to noncompliance with Supplemental Rule (C). The Defendants cite *United States v. Carney*, 796 F.Supp. 700 (E.D.N.Y.1992). That case is not applicable here, as it concerned the seizure of real property pursuant to a tax lien. The Defendants also cite *Maine National Bank v. F/V Explorer*, 833 F.2d 375 (1st Cir.1987). However, in that case, the First Circuit affirmed the district court's denial of a motion to vacate a default judgment and foreclosure sale against appellant's ship. The Court found that failure to respond to the admiralty action was not excusable neglect, when counsel had been put on notice of the seizure. There, as in the present case, the Court held that the defendant's conduct "falls wide of the mark of the excusable default requirement." *Id.* at 378.

Lastly, Defendant Williams argues that *in rem* service and attachment of the vessel is not required because these measures were intended to protect the interests of entities that provide goods and services to commercial vessels. This argument is not persuasive, as the Defendants cite no legal authority for this proposition. Furthermore, is it moot since the parties entered into an agreement whose terms allowed Defendant Williams to take possession of the vessel in exchange for security while this matter is pending.

## III. CONCLUSION

As a result of Defendant Williams' failure to comply with Supplemental Rule C(6), the Defendants are presently without standing before the Court in this matter. Therefore, the Court is compelled to grant Plaintiff's Motion to Strike Answer and for Default Judgment in favor of the Plaintiff, Gregory Boat Co. This Court also orders that escrow funds in the amounts of $3799.48 in damages, $293.64 in interest, and $887.00 in costs for a total of $4980.12, be released to the Plaintiff for satisfaction of this judgment. The balance shall be returned to the Defendant Williams.

### ACCORDINGLY:

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Answer and for Default Judgment is **GRANTED**;

IT IS FURTHER ORDERED that $4980.12 in escrow account funds be released to the Plaintiff, with the balance returned to the Defendant Williams.