**UNITED STATES of America, Plaintiff-Appellant Cross-Appellee,**

v.

**W. H. HODGES & COMPANY, INC., et al., Defendants-Appellees Cross-Appellants.**

**No. 75–2879.**

United States Court of Appeals, Fifth Circuit.

June 11, 1976.

Rehearing Denied July 16, 1976.

---

Donald E. Walter, U. S. Atty., Shreveport, La., Edwin E. Huddleston, Stephen F. Eliperin, Ronald R. Glancz, Karen K. Siegel, Dept. of Justice, App. Sec., Civ. Div., Washington, D. C., for plaintiff-appellant cross-appellee.

Burt W. Sperry, L. Michael Ashbrook, Monroe, La., for defendants-appellees cross-appellants.

Before TUTTLE, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This appeal involves thirteen cases arising under the Packers and Stockyards Act, 7 U.S.C. § 181 *et seq.* (hereafter "the Act"). The district court granted summary judgment for the government, but denied recovery of certain sums due as daily forfeitures. We will examine these issues briefly in turn.

Pursuant to his authority under the Act,[1] and in the course of an investigation of rates charged by stockyard marketing agencies in Louisiana, the Secretary of Agriculture issued an order on December 1, 1972, requiring that state's 38 active market agencies to file an eight-page special report for the calendar year 1972 by April 15, 1973. Twenty markets complied; one discontinued business, and the seventeen remaining market agencies failed to file the required reports on time. Accordingly, notices of default were served on the noncomplying agencies between early May and early July 1973; none of the market agencies filed the reports within thirty days after service with the notices of default. The government instituted the instant suits in early 1974, seeking injunctive relief and recovery of daily forfeitures allegedly due under 15 U.S.C. § 50.[2]

■ In granting summary judgment for the government on the merits, the district court found that there were no genuine issues of material fact. As to the special reports themselves, the court found that they were not unreasonably burdensome, based upon its findings that the information sought was the type normally kept by the defendants' businesses, and that 21 of the 38 markets filed the special reports on time without apparent difficulty. Defendants' argument on appeal, that affidavits introduced by them to oppose the government's motion for summary judgment created a fact issue as to the burdensomeness of the reports, is without merit in light of the fact that the proffered affidavits are merely conclusory in nature. See F.R.C.P. 56(e); *Turner v. Lundquist,* 377 F.2d 44 (9th Cir. 1947). We also reject

defendants' contention that the Secretary's issuance of the order requiring the filing of these special reports violated the rule-making procedures required by the Administrative Procedure Act, 5 U.S.C. § 553. The order at issue here was clearly investigatory in nature, as opposed to an adjudicatory or rule-making process, and hence not subject to the procedures governing rule-making outlined in the APA. *Cf. Genuine Parts Co. v. F. T. C.,* 445 F.2d 1382, 1388 (5th Cir. 1971); K. Davis, *Administrative Law Treatise,* § 3.01 at 159, n. 1 (1958). Finally, defendants' objections to the district court's reliance on certain affidavits offered by the government are clearly without merit.

With respect to the district court's ruling on the government's right to the daily forfeitures which began to accrue upon the expiration of the 30-day statutory grace period following service of the individual notices of default, we must disagree. The district court initially granted a motion to stay the running of the daily forfeitures due under 15 U.S.C. § 50 during the pendency of the lawsuit, but following its grant of summary judgment for the government also issued an order retroactively denying recovery of those sums which had become due between 30 days after the default notices were served and the date of its initial stay order.

■ It is clear that such a retroactive denial of these forfeitures which had already accrued was beyond the power of the district court. In *St. Regis Paper Co. v. United States,* 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), the Supreme Court held that it could not forgive statutory penalties which accrued under 15 U.S.C. § 50 "once they legally attach," and observed that a

---

1. The Packers and Stockyards Act, 7 U.S.C. § 222, incorporates certain investigative and enforcement powers of the Federal Trade Commission including, *inter alia,* the power to require the filing, within a reasonable period, of "annual or special, or both annual and special, reports or answers in writing to specific questions," furnishing such information as may be required "as to the organization, business, conduct, practices, [and] management" of any business as necessary to further the Secretary's enforcement of the Act, 15 U.S.C. § 46.

2. § 50 provides in pertinent part as follows:

"If any corporation required by sections 41 to 46 and 47 to 58 of this title to file any annual or special report shall fail so to do within the time fixed by the Commission for filing the same, and such failure shall continue for thirty days after notice of such default, the corporation shall forfeit to the United States the sum of $100 for each and every day of the continuance of such failure . . . ."

party wishing to attack their legality prior to the government's instituting suit had available to it the Declaratory Judgment Act, 28 U.S.C. § 2201. *St. Regis* is clearly controlling here, and hence it is clear that the district court erred in refusing to grant the government the daily forfeitures which had accrued as of the date of its initial stay order.

The district court's grant of summary judgment is consequently AFFIRMED, its order denying the government recovery of the daily forfeitures accruing prior to its stay orders of April 3 and June 27, 1974 is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.