UNITED STATES of America, Plaintiff,

v.

**$536,039.00 IN UNITED STATES CURRENCY, Defendant Property.**

Civ. A. No. S90–0226(G).

United States District Court,
S.D. Mississippi, S.D.

Oct. 17, 1990.

Donald M. Waits, Asst. U.S. Atty., Biloxi, Miss., for plaintiff.

Robert M. Zieja, Fort Lauderdale, Fla., for defendant.

## ORDER STRIKING CLAIM AND DEFAULT JUDGMENT OF FORFEITURE

GEX, District Judge.

THIS matter is before this Court pursuant to a motion filed herein by the United States of America (USA) entitled, "Motion to Strike and for Default Judgment." That motion addresses the claim and other documents filed by Robert M. Zieja (Zieja), an attorney from Fort Lauderdale, Florida, wherein Zieja claims ownership to $65,000.00 of the $536,039.00 which is the defendant property in this action. The motion to strike essentially claims that Zieja has no interest in defendant property, for the numerous reasons stated in the motion, that he has no standing even to file a claim, or any other documents, that all such documents filed by him should be stricken and that a default judgment should be granted. With these conclusions, the Court agrees and does hereby find and adjudicate as follows:

1. Zieja has no standing in this matter. He had until July 11, 1990, within which to file his claim. His so-called claim was not filed until July 18, 1990. [See Supplemental Rules of Certain Admiralty and Maritime Claims, C(6)]. He did not, and to this day has not, requested additional time within which to file his claim. Nor was the so-called claim verified as required by Rule C(6). These deficiencies alone are enough to support a finding that Zieja has no standing. *United States of America v. One 1978 Piper Navajo PA–31, Aircraft, etc.*, 748 F.2d 316 (5th Cir.1984).

2. Just as compelling in support of a finding of lack of standing is the fact that Zieja's claim to the $65,000.00 is based upon what is commonly known in the legal profession as a "contingent fee contract." Under that contract, Zieja had to recover something for his purported client, Manley W. Cargill, before he would be entitled to any fee whatsoever. That contingency simply has not occurred in this case. Not only has Cargill opted not to file a claim, he has filed an affidavit with United States Customs proclaiming a Steven M. Rosen to be his only counsel. Cargill and the drivers of the vehicles from which the $536,039.00 were seized have also signed affidavits waiving their claim to the money and stating that it belongs to a corporation, Starcrest Construction and Development, Inc. Cargill is the owner of that entity, but he did not sign the contingent fee contract on behalf Starcrest. He signed it only as an individual. Cargill obviously had no interest in the money seized. Therefore, even had the contract with Zieja been an outright assignment of the $65,000.00 as opposed to a contingent fee contract, Zieja still would have received no interest therein. *United States of America v. $364,-960.00 in United States Currency*, 661 F.2d 319 (5th Cir.1981). Not unimportant to this issue is the fact that the seizure occurred in this matter on September 1, 1988, and the contingent fee contract between Cargill and Zieja was not even entered into until September 12, 1988. Cargill has since been convicted of the crime that supports this forfeiture—the interstate transportation of United States Currency derived from certain specified unlawful activities, a violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2) and forfeitable under 18 U.S.C. § 981. That conviction, in the United States District Court for the Southern District of Florida in case number 89–563–CR–1KEHOE, was for a crime occurring in August, 1988.[1] Accordingly, the entire $536,039.00 had already been forfeited to the United States when Cargill and Zieja entered into the contingent fee contract on September 12, 1988. 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f). Zieja, being a practicing attorney familiar with this case, must have had reasonable cause to believe that the money was subject to forfeiture. Therefore, even had he acquired any interest in defendant property, his right to it would be negated by this.

3. On September 18, 1990, Zieja received a group of documents which included a copy of the Motion to Strike and for Default Judgment which is being considered by the Court this date, the memo supporting such motion and the notice that a hearing on said motion would be conducted at 8:30 a.m. on this date. Zieja did not respond within the ten (10) days required by local rules nor has he otherwise responded or made any appearance before this Court pursuant to such notice. He apparently has realized the futility of his claim and has chosen to pursue it no more. For this reason and the reasons hereinabove ascribed, this court finds that Zieja has no standing in this matter and that his claim, answer and all other documents filed by him herein should be stricken.

4. This matter is now properly before the Court for consideration of the Default Judgment. Pursuant to Fed.R.Civ.P., Rule 55(b)(2) and the entire record in this matter, the Court finds and adjudicates as follows:

a. On May 11, 1990, a Verified Complaint for Forfeiture against the defendant property described above was filed on behalf of the plaintiff, United States of America.

b. Probable cause having been shown by such complaint and so found by the Court in its order of May 11, 1990, the defendant property is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981, and has been so forfeited under the provisions of 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f).

c. All process was fully issued in this action and returned according to law.

---

**1.** See *United States v. "MONKEY", a Fishing Vessel, U.S. Registry, Official No. 546240, her engines, tackle, apparel, etc.,* 725 F.2d 1007 (5th Cir.1984) to the effect that Cargill, through his conviction, is now collaterally estopped to deny that the $536,039.00 has not been forfeited.

d. Pursuant to a warrant for arrest issued by this Court, agents for the United States Customs Service arrested said property on May 15, 1990, and such arrest was proper in all respects.

e. Immediately, thereafter, the notice of arrest was published in the *Clarion Ledger*, a newspaper of general circulation in this district, and such publication and notice was proper and legal in all respects, the last date of publication being June 15, 1990.

f. Audley George Antonio, Ainsley Lindo Brown, Manley Wesley Cargill, Ivy Ragbar Cargill, Starcrest Construction and Development, Inc., Birda Page and Robert "Bobby" Zieja were each forwarded copies of the verified complaint, the warrant for arrest of property, the order for warrant for arrest of property and for notice and the notice of action and arrest together with correspondence stating the last publication date as being June 15, 1990.

(1) The documents mailed to Antonio were returned marked "unclaimed," "addressee unknown." In addition to his having disclaimed any interest in defendant property, he, until recently, has been a fugitive and has no rights before the Court.

(2) Although Brown previously disclaimed any interest in defendant property, he did receive the documents on June 14, 1990.

(3) The documents mailed to Ivy Ragbar Cargill were returned marked "unclaimed." However, it is apparent that she had no interest in defendant property and there was no necessity to even consider her as a prospective claimant.

(4) Both Cargill and Starcrest received the documents through their attorney on June 11, 1990.

(5) Birda Page never received the documents, they being returned marked, "unclaimed." However, it is apparent that she, like Ivy, has no claim to defendant property and should not even be considered a prospective claimant.

(6) Zieja received such documents on June 27, 1990.

Further, all reasonable efforts were made to serve such documents on all prospective claimants by service through the United States mail at addresses furnished by such claimants and through publication in the newspaper. Therefore, due process was had in all respects upon the defendant property, Audley George Antonio, Ainsley Lindo Brown, Manley Wesley Cargill, Ivy Ragbar Cargill, Starcrest Construction and Development, Inc., Birda Page and Robert "Bobby" Zieja and all persons having or claiming an interest in defendant property.

g. The said notice of arrest served upon the foregoing prospective claimants by United States mail and/or publication required any and all persons claiming an interest in the defendant property to file a claim with the Clerk of Court within ten (10) days from the date of publication and to file an answer to the complaint within twenty (20) days after filing the claim.

h. None of the prospective claimants listed in paragraph f, above, (except Zieja), have filed a claim, answer or any other documents in this action. As to Zieja, it has been determined that the claim, answer and other documents filed by him should be stricken. Therefore, he, likewise, has filed no claim or answer.

i. No such claims or answers being filed (or in the case of Zieja his having been stricken), entry of default has been properly had by the Clerk of Court. Further, Motion for Default Judgment of Forfeiture being filed and, Zieja, having been noticed as required by Fed.R.Civ.P., Rule 55(b)(2), but not appearing and the other prospective claimants having made no appearance and no notice under Rule 55(b)(2) being required or having been afforded them, the plaintiff is entitled to a default judgment of forfeiture.

IT IS THEREFORE ORDERED and ADJUDGED as follows:

1. The claim, answer and all other documents filed herein by Robert M. Zieja be and the same are hereby stricken from the record and Court file in this matter.

2. The defendant property, described fully above, with such description being incorporated by reference herein, be and the same is hereby forfeited to the United States of America; and the right, title or interest, if any, of Audley George Antonio, Ainsley Lindo Brown, Manley Wesley Cargill, Ivy Ragbar Cargill, Starcrest Construction and Development, Inc., Birda Page, Robert M. Zieja and any other person or entity in and to such defendant property is forever cancelled, nullified, voided and set aside.

3. The defendant property is referred to the United States Customs Service for disposition in accordance with law and regulations.

SO ORDERED and ADJUDGED.