Jeffrey M. SCARABIN, Petitioner,

v.

**DRUG ENFORCEMENT
ADMINISTRATION,
Respondent.**

No. 90–4672.

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1991.

Victor L. Roy, III, Baton Rouge, La., for petitioner.

Constantine D. Georges, Asst. U.S. Atty., New Orleans, La., Drug Enforcement Admin., Office of Chief Counsel, Asset Forfeiture Sect., Arlington, Va., for respondent.

ON PETITION FOR REHEARING

Before SMITH and WIENER, Circuit Judges.*

PER CURIAM:

The Drug Enforcement Administration (DEA) petitions for rehearing in this case on grounds that 21 U.S.C. § 877 does not provide statutory jurisdiction for a direct appeal from a denial of a petition for remission by the DEA. The DEA argues that the legislative history and statutory language of Section 877 show that Congress intended judicial review only for those decisions by the Attorney General under the 1970 Controlled Substances Act affecting the pharmaceutical and research industries.

We take this opportunity to reiterate that under clear language of the statute this court has jurisdiction over this case.[1] Section 877 provides in part that "all final determinations, findings, and conclusions of the Attorney General *under this subchapter* shall be final and conclusive decisions ... except that any person aggrieved by a final decision ... may obtain review of the decision in the ... circuit in which his principal place of business is located...." 21 U.S.C. § 877 (emphasis added).[2] Contrary to the DEA's argument, this section, by its own express and unambiguous terms, applies to all provisions "under this subchapter." Section 881, 21 U.S.C. (for-

---

\* Judge Thomas Gibbs Gee was a member of the original panel but resigned from the court on February 1, 1991 and, therefore, did not participate in this decision. This matter is being decided by quorum. 28 U.S.C. § 46(d).

1. This opinion is reported as *Scarabin v. Drug Enforcement Admin.*, 919 F.2d 337 (5th Cir. 1990).

2. Pub.L. 91–513, Oct. 27, 1970, 84 Stat. 1242, the origin of section 877, originally referred to "this title." There is no indication in the legislative history of section 877 of when, or by what authority, the language was changed to "this subchapter." In this instance, however, this is a difference without a distinction because both sections are included in the same Title, Chapter and Subchapter—Title 21, Chapter 13, Subchapter I.

feiture) is under "this subchapter"—Subchapter I, "Control and Enforcement." Furthermore, section 881 does not exclude application of section 877 to forfeiture proceedings.

Moreover, the legislative history of section 877, even if we were to reach it, does not persuade us that Congress did not intend for section 877 to apply to forfeitures under section 881. Nothing in the legislative history expressly excludes application of section 877 to forfeitures under section 881. If Congress had intended such a result it should have expressly created the exception in the plain language of the statutes. It did not do so. Therefore, under a clear reading of sections 877 and 881, judicial review in this court of the DEA's summary forfeiture in this case is proper.

IT IS ORDERED that the petition for rehearing filed in the above captioned case is hereby DENIED.