**UNITED STATES of America, Plaintiff,**

**v.**

**A PARCEL OF LAND IN the CITY OF LUCEDALE, GEORGE COUNTY, MISSISSIPPI—(Jerry Wayne Freeland), Defendant.**

Civ. A. No. S90–0355(G).

United States District Court,
S.D. Mississippi, S.D.

May 21, 1991.

---

Donald M. Waits, Asst. U.S. Atty., Biloxi, Miss., for plaintiff.

John Hunter, Pascagoula, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This cause comes before the Court on the motion of the plaintiff to strike the pleadings of the proposed claimant, Jerry Freeland, and for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows:

*Standard of Review*

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984). The Supreme Court has discussed and clarified the relevant standard for summary judgment:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Furthermore, speculative evidence, lacking a reasonable basis in fact, is insufficient to enable the nonmoving party to avoid summary judgment. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). Hence, "[t]he mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* The Fifth Circuit has determined that:

> An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be

sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

\*     \*     \*     \*     \*     \*

Thus, as the Supreme Court recently said in *Anderson v. Liberty Lobby, Inc.*, affirming a summary judgment rendered by a trial court: "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine factual issues that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Id.* at 223.

"With regard to 'materiality,' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir.1987), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987).

Applying the summary judgment standard to the evidence presented by the parties to this motion, the Court makes the following findings.

### Statement of Facts

On July 30, 1990, the United States commenced this action by filing a Verified Complaint for Forfeiture against the defendant property. This complaint contained allegations that: Jerry Freeland was a manufacturer of controlled substances and that he had committed offenses involving the manufacture, distribution or dispensing, or possession with the intent to manufacture, distribute, or dispense, a controlled substance, in violation of 21 U.S.C. § 841(a)(1); Jerry Freeland committed an offense of which the punishment may exceed a year's imprisonment; and the sub-

ject real property was used to commit and to facilitate the commission of such violation.

The plaintiff attached the affidavit of Agent Stephen Gorenflo to the complaint. Gorenflo declared that there is documentary evidence that Freeland had been cultivating and distributing marijuana at least since 1989. He also averred that on July 19, 1990, United States Deputy Marshal Johnny Hughes was executing a writ of seizure and search warrant at Freeland's residence in Lucedale for violations of 17 U.S.C. §§ 501 and 503(a). Hughes found that Freeland was not at home and entered his residence. Hughes discovered a substance which appeared to be marijuana in the kitchen. Hughes contacted the Lucedale Police Department who secured the area. Hughes then obtained a search warrant to search the premises. Hughes and other officers discovered a stalk of marijuana, canisters of marijuana,[1] marijuana seeds, paraphernalia, several unmarked bottles of pills, and weight scales. Hughes found a golf cart outside the house. This cart contained various gardening implements. The officers followed the cart's tracks along a trail behind the house. The tracks led to seven marijuana plants.

On July 19, 1990, Freeland was declared a fugitive by the United States for violation of 17 U.S.C. § 501 and was sought by the Lucedale Police Department for violations of Mississippi statutes prohibiting the possession of marijuana with the intent to distribute, Miss.Code Ann. § 41–29–139(a), manufacture of a controlled substance, Miss.Code Ann. § 41–29–139(a), and possession of paraphernalia, Miss.Code Ann. § 41–29–139(d)(f). On July 26, 1990, after having been advised of the preceding events, Agents Gorenflo and Jose Delgado traveled to Freeland's residence. While they were observing the subject property, Al Eubanks arrived and stated that he was a friend of Freeland. Eubanks also informed Gorenflo that Freeland did not have a job.

Gorenflo and Delgado then travelled to the Lucedale Police Department and

---

**1.** The total weight of the loose marijuana found in the house was 3.26 ounces.

viewed the confiscated items. Gorenflo found rolling papers, a rolling machine and numerous empty soft packs of Winston cigarettes. Lt. Michael Williams informed Gorenflo that there was another case of empty Winston packs in the house. Gorenflo avers that based upon his training and experience, Freeland was not only cultivating marijuana at his house but was also rolling marijuana cigarettes and selling them as a retailer. Based on the foregoing declaration, United States Magistrate Brit Singletary entered an order on July 30, 1990, finding that probable cause existed to believe that the subject property was used to facilitate a violation of 21 U.S.C. § 841(a)(1) and directing the Clerk to issue a warrant for the arrest of the property. On August 1, 1990, Deputy United States Marshall Hogg arrested the property and personally served a copy of the complaint order, and warrant on Freeland. Pursuant to Magistrate Singletary's Order, a Notice of Action and Arrest was published in the *Clarion Ledger* on September 12, 13, 14, 17, 18, and 19, 1990. These notices informed prospective claimants that they had to file their claims within ten (10) days from the date of publication and their answers within twenty (20) days after filing their claims. The government has now moved to strike certain pleadings filed by Freeland and for summary judgment.

## Discussion

### I. The Motion to Strike

#### A. *The Claim*

■ "Proceedings in forfeiture cases involving property seized on land may be enforced by a libel action conforming as nearly as possible to a proceeding in admiralty. 28 U.S.C. § 2461(b). Such proceedings are governed by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims." *United States v. Fourteen Handguns*, 524 F.Supp. 395, 397 (S.D.Tex. 1981). Rule C(6) of the Supplemental Rules states that:

the claimant of property that is the subject of an action *in rem* shall file a claim within ten days after process has been

executed, or within such additional time as may be allowed by the court, and shall serve an answer within twenty days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee or attorney is duly authorized to make the claim.

The court in *Fourteen Handguns* capsulized the requirements:

The filing of a claim is a prerequisite to the right to file an answer and defend on the merits. The claim must consist of a verified statement which states the interest of the claimant giving rise to the demand for the return of the property. *United States of America v. $52,686.00 In United States Currency*, No. H–79–1705 (S.D.Tex. May 4, 1981); *U.S. v. One 1975 Ford Ranger*, No. 77–1781 [567 F.2d 389 (5th Cir.1978)] (5th Cir.1977) (per curiam, unpublished). If the claim is made by one other than the possessor of the claimed interest, it should specify the basis of the authority upon which the claimant is acting and state that the claimant is duly authorized to make the claim. 7A Moore's *Federal Practice* § C.16 at 700.16.

*Fourteen Handguns*, 524 F.Supp. at 395.

On August 9, 1990, Jerry Freeland filed a pleading entitled, Claim By Owner. This "claim" was not verified. "Rule C(6) clearly requires that the claim 'be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.'" *United States v. One 1978 Piper Navajo PA–31, Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) (citing 7A J. Moore & A. Pelaez, (Moore's Federal Practice) § C.16 at 700.16 (1983)); *see United States v. $536,039.00 In United States Currency*, 760 F.Supp. 575, 575–76 (1990) ("so-called claim [not] verified as required by Rule C(6)");

*United States v. One Parcel of Real Property With Buildings*, 685 F.Supp. 1123, 1124 (W.D.Mo.1988). This so-called claim was also not signed by Freeland. An attorney signed the claim without stating that he was duly authorized to make the claim as is required by the rule. *See Fourteen Handguns*, 524 F.Supp. at 395. Nevertheless, Freeland filed a motion for an enlargement of time in which to amend his previous claim. This motion was granted and on February 15, 1991, Freeland filed a document entitled "Verification to Claim by Owner." This pleading was properly verified, stated Freeland's claimed interest in the subject property, and was signed by Freeland. Consequently, Freeland cured the alleged defects in his claim and the United States' motion to strike the claim is denied.

### B. *The Answer*

Rule C(6) requires that "the claimant of property that is the subject of an action *in rem* shall ... serve an answer within twenty days after the filing of the claim." Freeland filed his proposed claim on August 9, 1990, and filed and served his answer on August 30, 1990. Thus, Freeland's original answer was untimely and must be stricken. Additionally, Freeland failed to serve an answer within twenty days of the filing of the amended, verified claim.

### C. *Standing*

■ "A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. $364,960*, 661 F.2d 319, 326 (5th Cir.1981); *see United States v. One 18th Century Columbian Monstrance*, 797 F.2d 1370, 1374–75, *reh'g denied*, 802 F.2d 837 (5th Cir.1986), *cert. denied*, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987); *United States v. Currency Totalling $48,318.08*, 609 F.2d 210, *reh'g denied*, 612 F.2d 579 (5th Cir.1980); *United States v. One 1967 Chris–Craft 27 Foot Fiberglass Boat*, 423 F.2d 1293, 1294 (5th Cir. 1970); *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28 (8th Cir.1979); *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) United States Currency*, 558 F.2d 1359 (9th Cir.1977); *United States v. Eleven Thousand Five Hundred and Eighty Dollars ($11,580) in United States Currency*, 454 F.Supp. 376, 381 (M.D.Fla.1978). The original claim does not state any factual basis for the conclusionary allegations that Freeland is the owner of the defendant property. Nor does it state why restitution should be granted or why Freeland has a right to defend this action. These sparse allegations would have been insufficient to satisfy the requirement of standing. However, Freeland did file an amended, verified claim in which he stated that he received title to the defendant property from his father.

On the issue of standing, the Fifth Circuit has stated:

A claimant need not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and "prudential considerations defining and limiting the role of the courts."

*One 18th Century Columbian Monstrance*, 797 F.2d at 1375 (citing *Worth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343). Thus, Freeland has established standing.

### D. *The Petition for Remission*

■ On August 30, 1990, Freeland filed a pleading entitled, Petition for Remission. Section 1618 of Title 19 of the United States Code, which is under the Customs laws, directs the filing of a petition for remission with the Secretary of the Treasury, the Commandant of the Coast Guard, or the Commissioner of Customs, and provides that one of those officials "may remit or mitigate [the forfeiture] upon such terms and conditions as he deems reasonable and just...."

The remission authority of the designated officials was transferred to the Attorney General by Executive Order No. 6166 (June 10, 1933). 21 U.S.C. § 881(d) further

granted the Attorney General remission authority since it adopted the Customs laws in forfeiture cases. The procedure for filing a petition for remission is outlined in 28 C.F.R. §§ 9, *et seq.* None of these statutes or regulations provide for district court intervention. In *Fourteen Handguns*, the court stated:

> The Petition for Return of Property is directed to the wrong authority: "Congress has provided a means for ameliorating the harshness of these (forfeiture) statutes—the Attorney General may return the property if he finds such mitigating circumstances as to justify the remission of the forfeiture." *United States of America v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir. 1977) (narcotics case). Title 19 United States Code, § 1618 provides an exclusive remedy under the aegis of the executive branch for those claimants seeking remittance or mitigation of fines, penalties, and forfeitures. *United States v. One 1969 Ford Plymouth Fury,* 476 F.2d 960 (5th Cir.1973) (automobile in counterfeit case). *See, United States v. United States Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

*Fourteen Handguns,* 524 F.Supp. at 397. Furthermore, this Court does not have the jurisdiction to review a decision of the Attorney General not to remit the forfeiture. *See United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied* sub. nom., *National Bank of New Orleans v. United States,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972) ("the Attorney General has unreviewable discretion over petitions under 19 U.S.C.A. § 1618"); *General Finance Co. of Louisiana v. United States,* 45 F.2d 380, 381 (5th Cir. 1930) (holding that, under the previous arrangement wherein the Secretary of the Treasury had the authority to grant remissions, "a District Court of the United States" does not have "jurisdiction to review the action of the Secretary or to say that he has been guilty of an abuse of discretion in passing on the application for

remission"). On this point, the Fifth Circuit explained:

> Despite the DEA's protestations to the contrary, this court does have jurisdiction over this petition for review of the DEA's administrative forfeiture of Scarabin's property under 21 U.S.C. § 877, as a review of a final decision by the Attorney General through an authorized agency. Our review, however, is limited to determining whether the agency followed the proper procedural safeguards when it declared Scarabin's property summarily forfeited. *See, e.g., Floyd v. United States,* 860 F.2d 999 (10th Cir. 1988) (court did not abuse discretion to retain jurisdiction over motion to return unlawfully seized property even after the agency initiated administrative forfeiture where forfeiture was not begun until more than two months after petition was filed); *Robinson v. United States,* 734 F.2d 735 (11th Cir.1984) (court had power to retain jurisdiction and enter default judgment in suit to return property seized by customs official when agency failed to file for forfeiture until ten months after seizure of property and never answered the complaint). Judicial review on the merits of an administrative forfeiture is barred, however, when the party elects an administrative remedy instead of a judicial one. *See, e.g., United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972) (Attorney General has unreviewable discretion over remission or mitigation of forfeitures); *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964) (remitting a forfeiture is an act of grace by executive, and courts have not been granted jurisdiction to control such action even when there is an abuse of discretion). One limited exception is when the agency fails to exercise its jurisdiction over the claim; however, the court still may not review the administrative decision on the merits. *One 1977 Volvo 242 DL v. United States,* 650 F.2d 660, 662 (5th Cir.1981); *United*

*States v. One 1970 Buick*, 463 F.2d at 1170.

In most reported cases concerning administrative forfeitures of seized property by an agency, the petitioners elected the administrative remedy and were aggrieved by the agency's refusal to remit or mitigate forfeitures. In such instances where this court may not review the merits of a petitioner's claim because such remissions are acts of grace by the agency. In the instant case, however, the DEA did not substantively review Scarabin's case, even though it had ample opportunity to do so. Rather, the DEA summarily dismissed Scarabin's petition for remission because it was not in the proper form.

*Scarabin v. Drug Enforcement Administration*, 919 F.2d 337, 338–39 (5th Cir. 1990), *reh'g denied*, 925 F.2d 100 (1991). Upon rehearing, the court ruled:

that under clear language of the statute this court has jurisdiction over this case. Section 877 provides in part that "all final determinations, findings, and conclusions of the Attorney General *under this subchapter* shall be final and conclusive decisions ... except that any person aggrieved by a final decision ... may obtain review of the decision in the ... circuit in which his principal place of business is located...." 21 U.S.C. § 877 (emphasis added). Contrary to the DEA's argument, this section, by its own express and unambiguous terms, applies to all provisions "under this subchapter." Section 881, 21 U.S.C. (forfeiture) is under "this subchapter"—Subchapter I, "Control and Enforcement." Furthermore, section 881 does not exclude application of section 877 to forfeiture proceedings.

*Scarabin*, 925 F.2d at 100–101 (footnotes omitted). Freeland's petition fails to fall within any of the enumerated exceptions and, consequently, his pleading designated Petition for Remission must be stricken.

## II. The Motion for Summary Judgment

■ The plaintiff has moved for summary judgment contending that, as a matter of law, it is entitled to a judgment of forfeiture. The essential elements of a claim of forfeiture of a residence have been discussed at length by the Fifth Circuit. That court has stated:

The government's burden of proof is the same for all forfeiture actions under section 881. *See* 21 U.S.C.A. § 881(d) (West Supp.1990); 19 U.S.C.A. § 1615 (West 1980 & Supp.1990). The government bears the initial burden of demonstrating probable cause to believe that the ... house was used to distribute or store illegal drugs. *See United States v. One 1986 Nissan Maxima GL*, 895 F.2d 1063, 1064 (5th Cir.1990). "Probable cause" under section 881 is tested by the same criteria used to determine whether probable cause exists for a valid search and seizure: whether the government has provided a reasonable ground for believing that the house was used for illegal purposes. *See United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804, 809 (6th Cir.1990); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983). "If unrebutted, a showing of probable cause alone will support a forfeiture." *Little Al*, 712 F.2d at 136.

*United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Texas*, 919 F.2d 994, 997 (5th Cir.1990); *see United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 330–31 (5th Cir.1990). Probable cause "may be established by demonstrating 'by some credible evidence, the probability that the money was in fact drug related.'" *One 1987 Mercedes 560 SEL*, 919 F.2d at 330–31 (quoting *One 1986 Nissan Maxima GL.*, 895 F.2d at 1064–65 and *United States v. $215,300.00 in United States Currency*, 882 F.2d 417, 419 (9th Cir.1989), *cert. denied*, sub. nom., *Arboleda v. United States*, — U.S. —, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990)). "Probable cause can be established by circumstantial or hearsay evidence." *One 1987 Mercedes 560 SEL*, 919 F.2d at 331. Furthermore, "[i]t is not necessary that the government trace the property to a particular drug transaction. *United States v. $4,255,625.39*, 762 F.2d 895, 904 (11th Cir. 1985). Rather, it is the totality of the

circumstances, not a minute passing of each item of information, that leads to a finding of probable cause." *Id.*

Agents found over three ounces of loose marijuana in the house. They also located seven plants outside the house. Further, agents discovered rolling papers, a rolling machine and numerous empty soft packs of Winston Cigarettes. Agent Gorenflo avers that based upon his training and experience, not only was marijuana being cultivated at his house but was also being rolled into marijuana cigarettes and sold retail from the house. This is clearly sufficient evidence to show reasonable grounds for believing that the house was used for illegal purposes.

"Once the government establishes probable cause, the burden shifts to the claimant...." *Id.* "Thus, failure to refute the government's showing of probable cause results in forfeiture." *Id.* In *Donnybrook*, the Fifth Circuit noted:

> To effectively refute the government's proof, Roberts may not rest upon mere denials of the government's complaint but "must set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e). The general denials in his answers to the government's interrogatories do not meet this burden, *see Vidrine v. Enger*, 752 F.2d 107, 110 (5th Cir.1984), and his affidavit fares no better. For one thing, Roberts's [sic] affidavit does not say that he never engaged in illegal drug activity with Ireland; it says that he "expect[s] to prove" that he never engaged in such activity. Thus, the affidavit does not contradict the government's evidence.
>
> Even if we were to interpret Roberts's [sic] affidavit as a denial that he had distributed drugs to Ireland, Roberts still has done no more than abjure the government's allegations. He provides no facts at all that would support his contention. He does not proffer any interpretation of the tapes that would contradict the government's version. Therefore, his conclusional statement denying culpability, which fails to controvert any of the facts alleged by the government, cannot defeat the government's motion

for summary judgment even though his statement appears in an affidavit. *See May v. Department of the Air Force*, 777 F.2d 1012, 1016 (1985), *reh'g denied*, 800 F.2d 1402 (5th Cir.1986); *Simmons v. Lyons*, 746 F.2d 265, 268–69 (5th Cir. 1984); *United States v. W.H. Hodges & Co.*, 533 F.2d 276, 278 (5th Cir.1976). *Compare United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487, 492 & n. 3 (9th Cir.1990) (holding that defendant's detailed affidavit, which painted "a picture entirely different from that described by the government," was sufficient to avoid summary forfeiture of house, but noting that summary judgment for the government would have been upheld had the defendant's affidavit simply set forth conclusional allegations). *See also United States v. One Single Family Residence Located at 2901 S.W. 118th Court, Miami, Florida*, 683 F.Supp. 783, 788 (S.D.Fla.1988) (holding that affidavit stating only that defendant did not know that property was being used for illegal drug transactions was insufficient to avoid summary judgment).

*Lot 9, Block 2 of Donnybrook Place, Harris County, Texas*, 919 F.2d at 998–99. The court further noted:

> The government has met its burden of showing probable cause. Consequently, after remand, Sheila Roberts must prove by a preponderance of the evidence that any violations of Title 21 which occurred in her home transpired without her "knowledge or consent." *See United States v. Parcel of Real Property Known as 6109 Grubb Rd., Millcreek Township, Erie County, Pa.*, 886 F.2d 618, 626–27 (explaining the sequence of proof in establishing an "innocent owner" defense), *reh'g denied*, 890 F.2d 659 (3d Cir.1989). The Circuits are divided as to whether she must establish *both* a lack of knowledge and a lack of consent, or whether, if she had knowledge, she still is entitled to the defense if she did not consent. *Compare United States v. 141st Street Corp., by Hersh*, 911 F.2d 870, 878 (2d Cir.1990) (holding that "a

claimant may avoid forfeiture by establishing either that he had no knowledge of the narcotics activity or, if he had knowledge, that he did not consent to it") with *United States v. One Parcel of Land, Known as Lot 111–B, Tax Map Key 4–4–03–71(4), Waipouli, Kapaa, Island and County, State of Hawaii,* 902 F.2d 1443, 1445 (9th Cir.1990) (holding that "if the claimant *either* knew or consented to the illegal activities, the 'innocent owner' defense is unavailable" (emphasis in original)). The Fifth Circuit has not taken a position, and it would be unwise for us to make Circuit law without a complete record and thorough briefing of this issue.

*Lot 9, Block 2 of Donnybrook Place, Harris County, Texas,* 919 F.2d at 999–1000. The instant motion was filed on October 26, 1990. Since that time Freeland has not filed an affidavit or any discovery contradicting the affidavits supporting the United States' motion. Because Freeland has failed to rebut the United States' showing of probable cause, the plaintiff is entitled to summary judgment.

### Conclusion

For the above stated reasons, the Court finds that the pleadings of Jerry Freeland entitled Answer and Petition for Remission should be stricken and that the plaintiff is entitled to summary judgment.

Counsel for the plaintiff shall submit a separate Order in conformity with the foregoing Memorandum Opinion within ten (10) days of the entry hereof.