**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ONE 1986 CRX–SI HONDA, Serial No. JHMAF5339GS053587, Defendant**

Civil No. 1988/162

District Court of the Virgin Islands

Div. of St. Croix

August 15, 1988

GODFREY R. DECASTRO, ESQ., Attorney General of the Virgin Islands and GERALD A. SIMS, JR., ESQ., Assistant Attorney General (Department of Justice), St. Croix, V.I., *for plaintiff*

MICHAEL A. JOSEPH, ESQ., St. Croix, V.I., *for claimant*

O'BRIEN, *Chief Judge*

98

# MEMORANDUM OPINION

Herein we discuss the consequences of a claimant's failure to comply with the procedural rules in contesting a forfeiture of property seized pursuant to drug enforcement laws. We grant the Government's motion for summary judgment because we find that the claimant lacks standing to pursue his alleged rights in the seized automobile and, likewise, his motion for summary judgment declaring his ownership of the seized property will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 1988, following the conviction of Larry Joshua for drug trafficking violations, the government seized a 1986 Honda CRX–SI, serial number JHMAF5339GS053587, pursuant to forfeiture provisions of V.I. Code Ann. tit. 19, § 623. The automobile is jointly registered to Joshua and Wayne Gerard. The day of the seizure, both Gerard and Joshua were served with notice of the seizure. On June 23, 1988 Gerard filed an answer to the complaint for forfeiture in rem. On June 29, 1988, he filed a motion for summary judgment, alleging that the automobile is his sole property, and co-registered to Joshua merely for insurance purposes. The government opposed Gerard's motion, and filed its own motion for summary judgment based on Gerard's lack of standing to claim an interest in the automobile for failure to meet procedural requirements.[1]

---

[1] The Virgin Islands drug forfeiture statute is patterned after 21 U.S.C. § 881. The federal forfeiture statute, as does its local counterpart, provides for the application of the seizure provisions of both customs law, 19 U.S.C. §§ 1602–1618, and the Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Maritime Claims. The government complains that Gerard also failed to file a claim and post a bond with the government pursuant to 19 U.S.C. § 1608.

The procedures of 19 U.S.C. §§ 1602–1618 have application to forfeitures pursued by an executive agency, such as the federal Drug Enforcement Agency, or its local counterpart, if any. The Supplemental Rules in admiralty dictate the procedures once judicial forfeiture is sought by the United States attorney or in the Virgin Islands by the Attorney General's office. See generally United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1545 n.13 (11th Cir. 1987); United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208 (7th Cir. 1985).

From the record before us it doesn't appear that any administrative agency seized the property in forfeiture, but rather, the forfeiture was initiated through judicial proceedings. Therefore, the government has no grounds to complain that summary administrative procedures in 19 U.S.C. § 1608 were not followed in the instant case.

## II. DISCUSSION

The drug forfeiture statute, V.I. Code Ann. tit. 19, § 623(b), tells us that the Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Claims governs procedure in forfeiture proceedings. Suppl. R. C(6) allows claimants ten days after seizure to file a verified claim with the district court.[2] Twenty days after filing a claim, an answer must be filed. Id. Gerard was notified of the seizure and the procedures necessary to protect his interests in the automobile.

He failed, however, to file a verified claim within ten days, and instead filed an answer twenty-three days after service of notice of process. Only after the government filed its motion for summary judgment, two months later, did Gerard submit a proposed claim requesting leave of court to file out of time.

■ The government contends that because Gerard failed to file the requisite claim, he lacks standing to contest the forfeiture. Several courts have held that claimants must comply with Suppl. Rule C(6) in order to have the necessary statutory standing. See United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987); United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986); United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 212–13 (7th Cir. 1985). We join these courts and hold that statutory standing is a prerequisite to contest a forfeiture brought pursuant to V.I. Code Ann. tit. 19, § 623.

Gerard attempts to cloud the issue of his procedural transgression. He argues that he did not need to file a Suppl. R. C(6) claim because the government was aware of his claim of ownership by virtue of their having served him with notice of seizure. He further

---

[2] Suppl. R. C(6)

> Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim. At the time of answering the claimant shall also serve answers to any interrogatories served with the complaint. In actions in rem interrogatories may be so served without leave of court.

argues that the government will not be prejudiced should we permit him to file the claim at this time, because of this implied knowledge of his claim.

We disagree with Gerard's contention that a claim is unnecessary. The government served Gerard with notice of seizure and the complaint in forfeiture, as directed by the warrant for arrest issued by this Court. Moreover, Suppl. R. C(6) requires that notice be given to potential claimants. The government's compliance with the proper procedures does not recuse a potential claimant from likewise complying with the proper procedures.

In addition, Gerard asserts that he did not hire an attorney within the ten day time period, which fact constitutes excusable neglect for failing to file a claim within the required time. A proposed verified claim has been submitted, with the request that it be accepted for purposes of Suppl. R C(6).

We will not accept Gerard's late filing of the requisite claim. Suppl. R. C(6) states that a claim be filed "within ten days after process has been executed, or within such additional time as may be allowed by the court." Gerard never requested leave of court for an extension of time to file a claim. In fact, even his answer was filed after the twenty days allowed for filing an answer. Further, the answer itself is improper since it did not follow the filing of a claim in accordance with Suppl. R. C(6).[3]

Gerard may have alternatively moved for enlargement of time pursuant to Fed. R. Civ. P. 6(b)(2), which allows late filing, after time has expired, upon a showing of excusable neglect. We proceed to analyze Gerard's request as if it was based on Rule 6(b)(2). The concept of excusable neglect is most often associated with vacating default judgments. The Third Circuit has prescribed lenient standards for those asserting excuses for procedural failures. Nevertheless, the party urging excusable neglect must allege specific facts setting forth the basis for a finding of excusable neglect. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984) (default in forfeiture proceeding affirmed for potential claimant's failure to allege factual support for meritorious defense); Reid v. Liberty Consumer Discount Co. of PA, 484 F. Supp. 436 (E.D. Pa. 1980); see e.g., Zawadski de Bueno v. Bueno Castro, 822 F.2d 416 (3d Cir. 1987) (movant sets forth factual basis

---

[3] In Beechcraft Queen Airplane, 789 F.2d 627, supra, the court affirmed the striking of answer which was filed without the prerequisite claim.

for finding of excusable neglect); Hritz v. Woma Corp., 732 F.2d 1178 (3d Cir. 1984) (decision based on detailed factual allegations).

■ Gerard pleaded no specific factual allegations to support his contention that excusable neglect justifies an untimely claim. He makes only the bald statement that he did not timely hire an attorney. He does not tell us why he did not timely obtain legal services. The failure to hire an attorney does not of itself exculpate Gerard's neglect, especially in light of the notice he received which stated that a claim had to be filed within 10 days. Moreover, no excuse is given for his attorney's failure to file a claim after his services were retained. Again, we note that Suppl. R. C(6) clearly requires that a claim be filed before an answer to the complaint and that this procedure was set out in the notice served upon Gerard. We conclude that Gerard has not shown that the untimely claim should be permitted due to excusable neglect.

In United States v. One 1979 Mercedes 450SE, 651 F. Supp. 351 (S.D. Fla. 1987), the court analyzed a number of cases discussing the court's exercise of discretion in permitting an untimely claim.

> Among the factors which have guided that discretion are the time at which the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons profferred for the delay, whether the claimant has advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time. See Beechcraft Queen, 789 F.2d at 629–30; Yukon Delta, 774 F.2d at 1435–37; United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 215 (7th Cir. 1985); United States v. $149,345 United States Currency, 747 F.2d 1278, 1282 (9th Cir. 1984); United States v. One 1978 BMW, 624 F. Supp. 491 (D. Mass. 1985); United States v. Properties Described in Complaints, 612 F. Supp. 465, 466–67 (N.D. Ga. 1984), aff'd, 779 F.2d 58 (11th Cir. 1985); 1979 Oldsmobile-Cutlass, 589 F. Supp. at 478; United States v. Fourteen (14) Handguns, 524 F. Supp. 395, 397 (S.C. Tex. 1981).

Id. at 353.

■ Using these guidelines it is clear that there are no mitigating circumstances tending to excuse Gerard's noncompliance. Gerard

102

was served with notice of arrest the day the automobile was seized. No allegation has been made that the government induced Gerard to not file a claim. We discussed above Gerard's allegation of excusable neglect for the delay in filing a claim and found it inadequate. There is no allegation that Gerard informed the government and the Court of his interest in the automobile before the ten days expired.

We also discussed previously, Gerard's assertion of lack of prejudice due to their implied notice of his claim because he was served with notice of arrest. Although this proposition is insufficient to base standing upon, it might imply a lack of prejudice to the government. We need not decide whether the government would be prejudiced, however, as Gerard has failed to meet any of the other elements outlined as above.

The answer Gerard filed cannot be deemed to stand in place of a Suppl. R. C(6) claim. The answer filed by Gerard merely admits and denies the allegations of the complaint under the signature of his attorney. It is not a sworn testament of his interest in the automobile upon which he objects to the seizure. We cannot deem it the equivalent of a claim pursuant to Suppl. R. C(6). Lastly, we have already noted that Gerard failed to timely move for enlargement of time to file his claim pursuant to Suppl. R. C(6) or Fed. R. Civ. P. 6(b).

## III. CONCLUSION

In conclusion, we find no redeeming value in Gerard's assertion that compliance with Suppl. R. C(6) is not necessary. Moreover, we find no basis for permitting a claim to be filed at this late date. Therefore, the government's motion for summary judgment will be granted as to Gerard's lack of standing to claim an interest in the seized automobile, and accordingly Gerard's motion for summary judgment will be denied.[4]

## PARTIAL SUMMARY JUDGMENT

THESE MATTERS are before the Court on motions for summary judgment filed by Wayne Gerard and the Government of

---

[4] We note that no other claims have been made to the subject automobile and, thus, the government should proceed with default proceedings against the defendant automobile.

the Virgin Islands. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT Gerard's motion for summary Judgment is DENIED; and further

THAT the government's motion for partial summary judgment is GRANTED and Gerard's standing to claim an interest in the defendant automobile is hereby DENIED.