**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,**
**v.**
**ONE HONDA ACCORD & $12,548.00 USC, Defendants**

Civil No. 89/1999

Territorial Court of the Virgin Islands,

Division of St. Thomas and St. John

May 30, 2001

IVER A. STRIDIRON, ESQ., Attorney General, MARTIN ALPEREN, ESQ., Assistant Attorney General, Department of Justice, *for Plaintiff*

NATASHA HUGHES, JOEMAINE HUGHES, *Claimants, Pro se*

MEYERS, *Judge*

# MEMORANDUM OPINION

(Filed: May 30, 2001)

THIS MATTER is before the Court on the Government of the Virgin Islands' (Government) action for forfeiture of One Honda Accord and $12,548.00 United States Currency (USC) and the opposition thereto by claimants, Natasha Hughes and Joemaine Hughes. After careful review of all relevant filings with this Court, as well as applicable statutory and case law, and for the reasons set forth below, the Court finds that the claimants lack standing to assert a claim.

I.

On January 22, 1999, agents of the Narcotics Strike Force, in conjunction with other law enforcement officers, executed a valid search warrant and recovered illegal drugs, money, and weapons from 2C-5 Estate Lurkenlund, St. Thomas, V.I.. As a result of the search, officers arrested Garry Creighton, Natasha Hughes, and Joemaine Hughes for violation of 19 V.I. Code Ann. §§ 604(a)(1),[1] 614a(a)(3)(B),[2] and 14 V.I.

---

[1] 19 V.I. CODE ANN. § 604(a)(1) states: (a) Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ....

[2] 19 V.I. CODE ANN. § 614a(a)(3)(B) states: (a) Notwithstanding any other provisions of law:

* * * *

   (3) Any person who knowingly sells, manufactures, delivers, or brings into this Territory, or who is knowingly in actual or constructive possession of 6 grams or more of cocaine or of any mixture containing cocaine ... is guilty of a felony which shall be known as "trafficking in cocaine." If the quantity involved:

* * * *

   (B) is 26 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000....

172

Code Ann. §§ 11(a),[3] 2253.[4] Subsequently, on February 4, 1999, Acting Attorney General Alva A. Swan petitioned the Court, pursuant to 19 V.I. Code Ann. § 623, to authorize the forfeiture of a maroon, 1991, 2-door, Honda Accord automobile, VIN # 1HGCB7165MA014545, Tag # T-23089 and Twelve Thousand Five Hundred Forty-Eight Dollars ($ 12,548.00) in United States Currency (USC) which were recovered from the possession of Garry Creighton and Natasha Hughes on January 22, 1999, as a result of the search. The summons and complaint for forfeiture were served upon the parties on February 9, 1999.

On February 24, 1999, Natasha Hughes, appearing *pro se*, requested an extension of thirty days to retain an attorney to file an Answer to Plaintiff Government's Complaint. Ms. Hughes then filed a First Amended Motion for Extension of Time on February 25, 1999, "claiming an interest in the items to be forfeited."

The Government timely filed its Oppositions to Natasha Hughes' Motions on February 26, 1999, and March 4, 1999, respectively, asserting that she lacked standing to move the Court for an extension of time because 1) she is not the owner of the automobile subject to forfeiture, and 2) she is time barred by statute and Virgin Islands case law.

On March 9, 1999, Natasha Hughes filed her Answer. Thereafter, on March 22, 1999, Natasha Hughes and Joemaine Hughes (Claimants) filed with the Court a Verified Claim Contesting Forfeiture. In response, on April 15, 1999, the Government filed its Motion to Strike Claim asserting Claimants committed perjury and attempted to perpetrate a fraud on this Court; failed to meet the statutory requirements for filing an Answer; lacked statutory standing based upon their failure to file a claim; lacked statutory standing because an Answer is not a substitute for a claim; and lacked statutory standing as to the Honda Accord due to lack of ownership of the vehicle.

---

[3] 14 V.I. CODE ANN. § 11(a) states: (a) Whoever commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principle.

[4] 14 V.I. CODE ANN. §§ 2253 is entitled: Carrying of firearms; openly or concealed: evidence of intent to commit crime of violence; definitions.

Subsequently, the Government filed its Request for Leave of Court to File Late Motion to Strike Answer and its Motion to Strike Answer on May 7, 1999.

## II.

The Government brings this action pursuant to the Virgin Islands drug forfeiture statute, which states in pertinent part:

(a) The following shall be subject to forfeiture to the Government of the United States Virgin Islands and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this chapter.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this chapter.

(3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2).

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2), ...

* * * *

(6) All moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this chapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used to facilitate any violation of this chapter ....

19 V.I. Code Ann. § 623(a).

The statute goes on to provide that any property subject to the aforementioned forfeiture provisions is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules). § 623(b). The Supplemental Rules provide that the claimant of property

174

in a forfeiture action shall file a claim within ten days after service of the Verified Complaint upon them, and shall serve an answer within twenty days after the filing of the claim. Supplemental Rule C(6).

In the case *sub judice*, the Government requested authorization for forfeiture of a 1991 Honda Accord and $ 12,548.00 USC pursuant to § 623(3), (4), (6). This request for forfeiture was set forth in a Verified Complaint filed on February 4, 1999, and served upon the Claimants on February 9, 1999. Further notice of the forfeiture action was given on February 9, 1999, by publication in a newspaper having general circulation in the Virgin Islands. Supplemental Rule C(4). As such, in order to assert an interest in or a right against the property, the Claimants should have filed a verified claim within ten days of service of process, or by February 19, 1999. Supplemental Rule C(6).

The Claimants failed to file a verified claim within ten days. Instead, Natasha Hughes moved for an extension of time on February 24, 1999, requesting additional time within which to obtain legal counsel. The following day, on February 25, 1999, Ms. Hughes filed an amended motion to extend time in an apparent attempt to make an initial claim of interest in the property seized. She then filed an Answer on March 9, 1999, and subsequently, on March 22, 1999, the Claimants filed a proposed Verified Claim.

Statutory standing, based on a verified claim filed within ten days after service of the complaint for forfeiture, is a prerequisite to contest forfeiture of property seized pursuant to drug enforcement laws. *Government of the Virgin Islands v. One 1986 CRX-SI Honda*, 24 V.I. 98, 100 (D.V.I. 1988). The threshold inquiry then is whether the Claimants have statutory standing to make a claim. Without the requisite standing, all of the Claimants' motions are non-justiciable, and the Government's oppositions thereto are moot.

It is clear from the record that the Claimants did not file a verified claim within the statutory ten-day period. Accordingly, the only way Claimants could have standing is pursuant to Supplemental Rule C(6) by filing a claim "within such additional time as may be allowed by the Court." Claimant Joemaine Hughes failed to file any claims or motions with the Court until the Claimants' Verified Claim Contesting Forfeiture on March 22, 1999, forty-one days after being served with the complaint. Consequently, according to *One 1986 CRX-SI Honda*, Claimant Joemaine Hughes has absolutely no standing to assert a claim.

175

■ Natasha Hughes, however, did move the Court for an extension of time on February 24, 1999. Presumably, this motion was filed pursuant to Fed. R. Civ. P. 6(b)(2), which allows late filing, after time has expired, upon a showing of excusable neglect. "The party asserting excusable neglect must allege specific facts setting forth the basis for a finding of excusable neglect." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir. 1984). In her motion, Ms. Hughes failed to allege any facts justifying her untimely claim other than her need to obtain an attorney. This Court noted, however, in *One 1986 CRX-SI Honda,* that "the failure to hire an attorney does not of itself exculpate [claimant's] neglect." 24 V.I. at 102. Even more telling is the fact that Ms. Hughes never did retain counsel in this matter.

Several additional factors have been iterated by the courts to guide their discretion with regard to excusing noncompliance with the filing deadline. Among those factors are:

> The time at which the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant has advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of verified claim, and whether the claimant timely petitioned for an enlargement of time.

*Id.* (citations omitted).

The instant case has no such mitigating factors upon which the court could excuse Ms. Hughes' untimely filing. Arguably, the Claimant was aware of the seizure on January 22, 1999, the date of her arrest. At the latest, however, she would be deemed aware of the seizure at the time the Complaint was served upon her on February 9, 1999. As such, Claimant received at least the statutory notice period, and perhaps longer. Additionally, there are no allegations that the Government in any way encouraged Claimant's delay in filing.

Also, Claimant did not advise the Court or the Government of her claim until her amended motion for extension of time, which occurred

176

after the filing deadline. Similarly, the reasons proffered for Claimant's delay in her amended motion, as discussed above, are insufficient. It could be argued that allowing the late filing would not prejudice the Government. However, even assuming the Government would not be prejudiced, that fact alone would not be enough to allow the late filing. *24 V.I. at 103.*

Finally, the Claimants were so far off course in the filing of their claim, they could never be deemed to have met even the basic requirements. The statute requires the filing of a verified claim within ten days of service, and then an answer to the complaint within twenty days after filing the claim. The Claimants, however, filed their answer first, on March 9, 1999, twenty-eight days after being served with the complaint. Then, thirteen days thereafter, on March 22, 1999, Claimants filed their verified claim.

Claimants' attempt to claim an interest in the forfeiture property by incorporating such language in the first amended Motion to Extend is not adequate to satisfy the requirements of the statute. Apart from the untimely filing of the Motion to Extend, "the claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." Supplemental Rule C(6). The Claimants' unverified and bare assertion that "the undersigned claims an interest in the items to be forfeited," does not satisfy Rule C(6). Furthermore, the answer itself is improper since it did not follow the filing of a claim in accordance with Suppl. R. C(6). *One 1986 CRX-SI Honda,* 24 V.I. at 101.[5]

## III.

The Government further alleges that Claimants are barred from pursuing their claim because they committed perjury and attempted to perpetrate a fraud on this Court; failed to meet the statutory requirements for filing an answer; lack statutory standing because an answer is not a substitute for a claim; and lack statutory standing based on non-ownership of the Honda Accord. However, because Claimants have failed the threshold inquiry of statutory standing as outlined above, the Court will not discuss these other issues.

---

[5] *See United States v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir. 1986) (affirming the striking of answer which was filed without the prerequisite claim).

## IV.

Based on the foregoing, Claimants' failure to comply with the necessary procedure and requisite filing deadlines for a verified claim and answer leaves them without standing. Similarly, the Court finds that there was no excusable neglect by which to grant the late filing of Claimants' Motion for Extension of Time, filed after the statutory ten-day filing period. Accordingly, this Court finds no basis for permitting a claim to be filed at this late date. Consequently, Claimants' prior filings are deemed non-justiciable, and the Government's opposition and motions to strike are thus moot.